(25 Misc. Rep. 346.)

PEOPLE ex rel. GARDINER v. OLMSTEAD.

(Supreme Court, Special Term, New York County. November, 1898.)

1. MANDAMUS—DISTRICT ATTORNEY—INSPECTION OF PAPERS—MAGISTRATES.
    On an application by the district attorney for a writ compelling a magistrate to permit him to examine the magistrate's papers, the claim that, as a judicial officer, the latter had the right to take time for the consideration and determination of the attorney's demand for such examination, is no defense.

2. SAME.
    In the absence of statutory limitation, the district attorney is entitled to an inspection and examination of all papers and documents under the control of a city magistrate or clerk of his court.

Mandamus by the people, on the relation of Asa Bird Gardiner, district attorney, etc., against Willard H. Olmstead, city magistrate, etc. Peremptory writ granted.

Asa Bird Gardiner, Dist. Atty., for the motion.
Elihu Root, opposed.

FREEDMAN, J. This is an application for a peremptory writ of mandamus, directed to the respondent, as a city magistrate, requiring him to forthwith permit the district attorney of this county, and any of his statutory assistants designated by him, to inspect and examine all pending depositions and informations laid before or lodged with said magistrate, upon which he may or may not have acted by issuing a warrant, and which have not been returned by him to any court of higher jurisdiction, and also to permit an inspection and examination of the record of any warrants issued on such informations. It appears that, in a certain class of offenses arising under the election law, such inspection and examination was duly demanded

by the district attorney, and that his right thereto was denied by the respondent, sitting as a city magistrate.

The claim of the respondent that such denial was not a final one, because, as a judicial officer, he had the right to take time for the consideration and determination of the claim of the district attorney before reaching a conclusion, is untenable. If the district attorney had the right to an immediate inspection and examination, the exercise of that right could not lawfully be prevented by starting a judicial inquiry as to its existence. The district attorney in no way or manner attempted to interfere with or control the exercise of the judicial power vested in the respondent as a city magistrate. His application related solely to the inspection and examination of papers and documents in the custody or under the control of the respondent. Under our statutes, the custody or control of the papers and documents in a magistrate's court is ministerial. It therefore remains to be seen what right the district attorney had in the premises.

The duties of a district attorney are of the most important character. By law (1 Rev. St. p. 383, § 89), he is required to attend courts of oyer and terminer or jail delivery in general sessions, and to conduct prosecutions for crimes and offenses cognizable in such courts; and by Laws 1895, c. 601, § 22, to attend in person, or by his assistant, at all sessions of the court of special sessions; and by Laws 1896, c. 112, § 37, to prosecute any person violating the provisions of the liquor tax law, which he may do either by filing an information with a city magistrate, or by going directly before a grand jury. In like manner, he may go directly before the grand jury, under Pen. Code, § 103, in cases where courts of record have bound over witnesses who have committed perjury. These constitute only a few examples of duties imposed upon the district attorney in the prosecution of crime. The right of the people of the state to be represented by the district attorney or attorney general in all criminal prosecutions instituted in their names is one inherent in those offices. By Code Cr. Proc. § 252, "the grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court." The district attorney (Id. §§ 262, 263) is the official legal adviser of the grand jury, and may examine witnesses before them, and issue subpœnas or other process for witnesses. He is also entitled at all times (Id. § 264), except when the grand jury may be expressing their opinions or giving their votes, to appear before them to give information relative to any matter before them. The grand jury are also required (Id. § 260) to inquire directly into the willful and corrupt misconduct in office of public officers of every description in the county; and (Id. § 261) they are entitled to examine all public records in the county. Their proceedings (Id. §§ 245, 249) are conducted in secret session, with only the law officers of the people, official stenographer, and witness before them, prior to deliberation and vote. The district attorney, as a general rule, prepares and submits to the grand jury the business properly cognizable by them, and, in doing so, inspects records, subpœnas witnesses, and prepares and signs the indictment, when ordered by them to be found. On general principles, therefore, as the direct, constitutional, legal representa-

tive of the people in the prosecution of all crimes, it seems that it is his right and duty to be informed of all prosecutions instituted in their name.      Why, then, should his reasons for inspecting criminal records be permitted to be questioned?

It may be that a defendant against whom a warrant shall have been issued by a committing magistrate may have been promised immunity by the state, by reason of having become state's evidence in an important felony; or it may be that an information may have been filed and warrant issued for a crime properly cognizable in the first instance by the grand jury, or wherein the statute of limitations may be about to run, or in a case where the district attorney may desire to appear and produce and examine witnesses on behalf of the people, or to move to quash by reason of treaty obligations or immunity to the defendant from local prosecution under the law of nations.      These are some of the reasons which may induce the district attorney to inspect the criminal records of a city magistrate's court.      A further consideration arises that the duty of a district attorney would be materially interfered with if the facts and circumstances of a criminal offense could be concealed and covered for an indefinite period by the presentation of the same to a city magistrate, and his refusal to disclose them until after the termination thereof at his pleasure.      In Code Cr. Proc. § 5, a criminal action is defined as "the proceeding by which a party charged with crime is accused and brought to trial and punishment"; and (Id. § 6) that "a criminal action is prosecuted in the name of the people of the state of New York, as plaintiffs, against the party charged with crime."      An information is declared to be (Id. § 145) "the allegation made to a magistrate that a person has been guilty of some designated crime"; and (Id. § 151) that "a warrant of arrest is an order in writing in the name of the people."      The proceedings, therefore, which may be commenced in a city magistrate's court are criminal proceedings, and the people of the state of New York are the plaintiffs, and entitled to be represented at every stage thereof either by the district attorney for the county or attorney general for the state, each of whom is a constitutional prosecuting officer for the people.

This whole subject of the duties of a district attorney may be considered as settled by the court of appeals, in the case of People v. Board of Sup'rs of Columbia Co., 134 N. Y. 1, 31 N. E. 322.      On a claim of the district attorney for reimbursement of expenses incurred in extraditing an offender, the court held that the district attorney is a county officer; that, under the statutes of this state, the responsibility is upon him to conduct all prosecutions for crimes triable in his county; that, whenever it is his duty to prosecute, it is, in the absence of a statutory restriction, within his power to do whatever is essential to the prosecution, which is a matter necessarily, to a great extent, dependent upon his judgment; and that, in respect to the subject to which his duties relate, he takes as incidental to them such powers as may be deemed necessary to the proper performance of his official duties.      It was further held that a criminal case arises when the offense is committed; that the duties of the district attorney, prior to indictment, are not limited to issuing subpoenas for

witnesses, and attending upon the grand jury, but that the whole subject of inquiry into the commission of crimes in his county is properly within the official duty with which he is charged; that, when he is advised that a criminal offense has been committed there, the duty to prosecute the offender is with him, and it is within his power to use such means as are legitimate and necessary for the purpose; and that for these reasons the district attorney may make even efforts to effect the arrest of the criminal in a foreign jurisdiction for the purposes of extradition, in order that he may be brought within the jurisdiction of the proper court of this state; and that the expenses incurred by the district attorney in the course of such efforts are a proper county charge.

For the foregoing considerations, the conclusion is inevitable that, in the absence of a statutory limitation, the right of the district attorney to an inspection and examination of all papers and documents in the custody or under the control of a city magistrate or of the clerk of a city magistrate's court is absolute, and that any such limitation claimed must be affirmatively established.    In the Code of Criminal Procedure and the Penal Code are to be found certain statutory limitations concerning the inspection of a deposition of a witness examined on the taking of the information, or of a deposition taken on the examination of a defendant, including the statement made by a defendant, if any; but the district attorney and attorney general, as well as a judge of a court having jurisdiction of the offense, are especially excepted from such limitations.    So, section 1552 of chapter 410 of the Laws of 1882, concerning police courts and justices and their powers, and section 7 of chapter 601 of the Laws of 1895, providing for certain records to be kept and empowering the board of city magistrates to make proper provision by rule in regard to the publicity to be given to any portion of such records, have no application to the question now under consideration.    The district attorney did not apply for information to be published, but for information to guide him in the performance of his duties.    There being no limitation upon the right of the district attorney to the inspection and examination demanded, the refusal of the city magistrate to comply with the demand was without warrant in law.

The relator, as district attorney, is entitled to the mandamus prayed for, and the writ should issue accordingly.    Ordered accordingly.