Benjamin Gassman, P. J.
In an information filed by the District Attorney of Richmond County, the defendant is charged with a violation of section 183 of the Sanitary Code of the City of New York, in that on or about and prior to June 5, 1957, she poured concrete into a storm water culvert built by the City of New York, completely closing that culvert and causing water to back up and flood the surrounding properties, thus creating a nuisance and a hazard to public health and safety.
*295 The defendant now moves to dismiss the information on two grounds, to wit: (1) that the information is insufficient in law “ in view of the requirements of Section 149 of the Code of Criminal Procedure ”, and (2) that the charges herein can only be prosecuted by the District Attorney of Richmond County and not by the Corporation Counsel of the City of New York.
With respect to the first ground, defendant conceded upon the argument of this motion that her first objection is addressed to the information and not to the affidavit or deposition filed in the Magistrates’ Court. To that extent, the motion may be treated in the nature of a demurrer and the court holds that the information is legally sufficient and substantially complies with the provisions of section 742 of the Code of Criminal Procedure.
As to the second ground, which questions the right of the Corporation Counsel to prosecute this action, it is defendant’s contention that the District Attorney of Richmond County is the only proper officer to conduct the prosecution.
Section 700 of the County Law generally provides that the District Attorneys shall conduct all prosecutions for crimes and offenses in their respective counties. However, the right to prosecute is not vested exclusively in the District Attorneys in certain offenses, particularly those involving local laws.
In People v. Wyner (207 Misc. 673, 674) the defendant was convicted after trial in the Court of Special Sessions in the Village of Pelham Manor, of a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. On appeal to the County Court of Westchester County, defendant urged as one of the grounds for reversal of this conviction, the fact that the Village Attorney and not the District Attorney of Westchester County prosecuted that action. He contended that it was the duty of the District Attorney to prosecute all crimes committed within the county and that there was no law which authorized the Village Attorney to conduct such prosecutions. The court dismissed that contention and in affirming the conviction, stated that “ So far as the defendant is concerned, it is not for him to select his prosecutor ” (citing People v. Kramer, 33 Misc. 209, 220). Further in the opinion, the court said (p. 675): “ To say that this conviction is illegal because the prosecution was by one other than the District Attorney would require a reversal, not only of this conviction, but also a reversal of long established and accepted procedure and practice of over a century. Prosecutions of misdemeanors and offenses in the lower courts are usually conducted by local authorities * * * *296 Not only is there long-established precedent, but there is statutory indication that private counsel may prosecute the complainant’s case in Courts of Special Sessions. Section 203 and subdivision 2 of section 702-a of the Code of Criminal Procedure clearly show that the duty to prosecute is not exclusively vested in the District Attorney. * * * Furthermore, departmental reports and decisions of the courts of this State have determined that persons other than the District Attorney may conduct a prosecution in Courts of Special Sessions. It has been held that the OPA by its own counsel could prosecute a violation of the War Emergency Act (People v. Scharer, 185 Misc. 616, 617) and that a conservation inspector could prosecute one accused of violation of the Conservation Laws (People v. Black, 156 Misc. 516) ”.
In People v. Black (supra, p. 519) the court, in construing the intent of the Legislature with respect to the claimed exclusiveness of the District Attorney’s duty to prosecute, stated: “We do not believe that the Legislature of this State sought to bring about so absurd a situation as is here presented. If it were intended that every time a rabbit be snared or a frog speared after dark that the heavy artillery of the offices of the Attorney-General or the district attorney be wheeled into action, then the Legislature was flying in the face of common sense and upsetting a century-old institution”.
In Matter of Coleman v. Lee (1 Misc 2d 685) the City Attorney of the City of Norwich, Chenango County, brought a proceeding under article 78 of the Civil Practice Act, seeking a judicial determination that it was the duty and responsibility of the District Attorney of Chenango County to prosecute crimes and offenses in the City Court of Norwich, and not that of the City Attorney. The court held that the crimes and offenses referred to in section 700 of the County Law were intended to include only those acts and omissions which are designated as such by the Penal Law of this State or some other State statute, and that it was the duty of the City Attorney to prosecute all complaints or charges involving violations of the City Charter, local laws, ordinances, rules or regulations.
It is difficult to see what harm may be caused to defendant or how she may be prejudiced by the fact that the Corporation Counsel, rather than the District Attorney acts as prosecutor in this case, which involves a violation of the Sanitary Code of the City of New York.
Accordingly, defendant’s motion should be in all respects denied, with an exception to the defendant.
Loscalzo and Kozinn, JJ., concur.
Motion denied.