William E. Ringel, J.
This is an appeal by the People (by the Triborough Bridge and Tunnel Authority) from an order of a City Magistrate of the New York City Magistrates’ Court, after trial, dismissing a complaint for a violation of a traffic regulation of the City of New York and discharging the defendant. The defendant appeared in person in answer to a traffic summons.
During the trial, counsel for the Triborough Bridge and Tunnel Authority sought to prosecute the complaint, but was not permitted to do so by the learned Magistrate, who ruled that only the District 'Attorney could represent the People and prosecute. The learned Magistrate also would not permit proffered testimony to be given by the officer who allegedly had personal knowledge of the facts, on the ground that said officer did not issue the summons, or swear to the complaint on which the defendant was arraigned and tried. The said complaint had been sworn to by a Triborough Bridge and Tunnel Authority lieutenant, who as a peace officer was authorized to do so, while the officer who witnessed the alleged violation had no such power.
The People assert that these rulings by the court below were error. The People claim that the prosecution of a traffic infraction may properly be conducted by a public official such as counsel for the Triborough Bridge and Tunnel Authority.
Section 700 of the County Law states in part as follows: “ § 700. District attorney; powers and duties. 1. It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed ”.
Section 927 of the County Law states in part as follows: ‘‘It shall be the duty of the district attorney of the respective counties of New York, Bronx, Kings, Queens and Richmond to prosecute all crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed ”.
From a reading of these sections of the County Law, it would seem that the only proper prosecuting authority for even a traf *475 fie offense, committed in one of the five counties of this city, would be the District Attorney of the particular county. Error therefore cannot be ascribed to the learned Magistrate below with respect to his ruling in regard to this item.
Nevertheless this court cannot close its eyes to a practice that has developed for decades in our Magistrates’ Court in this city, where officials other than the District Attorney have prosecuted all sorts of cases in both the Magistrates’ Court and even in this court. Attorneys from the Legal Bureau of our Police Department have been prosecuting vagrants, the Corporation Counsel has been prosecuting violations of the Multiple Dwelling Law, the Sanitary Code and City Sales Tax Law, and the Attorney-General has been prosecuting violations of the Workmen’s Compensation Law1 and the Education Law. A similar practice has developed outside of the City of New York also. (People v. Wyner, 207 Misc. 673.)
When this question was presented recently inter alia, to our Court of Appeals, that learned court affirmed the conviction without opinion (People v. Schildhaus, 4 N Y 2d 883). In view of the Court of Appeals’ action on this question, and since the result of this appeal is not dependent thereon, no further comment will be made. In any event appropriate legislative action would be more advisable than an act of judicial legislation.
As to the second point raised by the People, the court never obtained jurisdiction over the defendant. (People v. Bertram, 302 N. Y. 526; People v. James, 4 N Y 2d 482.)
The officer who signed the complaint had no knowledge of the facts stated therein. He should have made his complaint on information and belief, and the traffic Tunnel Authority officer, who, it is claimed, witnessed the alleged traffic infraction should have made a corroborating affidavit stating that he had read the complaint and that he knows the facts stated therein of his own knowledge to be true. (People v. Bertram, 302 N. Y. 526, supra; People v. James, 4 N Y 2d 482, supra.)
The appeal must fail for other reasons. Under common law the State had no power to appeal in a criminal case unless that power was expressly conferred by statute (People v. Corning, 2 N. Y. 9; People v. Merrill, 14 N. Y. 74; People v. Bork, 78 N. Y. 346). Today that right is spelled out in our constitutional and statutory provisions. (People v. Johnston, 187 N. Y. 319; People v. Zerillo, 200 N. Y. 443.)
The statutory provisions for appeal to the Appellate Part of this court are set forth in sections 40 and 41 of the New York City Criminal Courts Act and sections 517 and 518 of the Code of Criminal Procedure. An examination of these references dis *476 closes no specific provision for appeal by the People in a case where the defendant was discharged and the complaint dismissed after trial was begun. (People ex rel. Comrs. of Public Charities & Correction v. Cullen, 151 N. Y. 54; People v. Johnston, supra.)
Accordingly, this appeal should be dismissed.
Gassman, P. J., and Acquavella, J., concur in the result, but dissent from that portion of the opinion which holds that the District Attorney is the only officer who may prosecute cases in the Magistrates’ Court. (People v. Montgomery, 7 Misc 2d 294.)
Appeal dismissed, etc.