Alfred H. Kleiman, J.
The defendant, the former owner and publisher of a Greek daily newspaper known as the Atlantis, is charged in an information filed by a former employee with violation of section 198-c of the Labor Law, a misdemeanor.
Following a number of adjournments, the waiver of trial by jury, and the substitution of the attorney for the defendant, this matter was set down for trial in Summons Part 2.
Prior to that date the present motion to dismiss the accusatory instrument was filed, returnable on the same day, based upon two grounds.
I
The initial ground for dismissal can be summarily disposed of. The defendant contends that the accusatory instrument is a misdemeanor complaint and therefore may not serve as a basis for prosecution without defendant’s consent (CPL 1.20, subd. 7; CPL 100.10, subd. 4). Concededly, an “ information ” does not require such consent.
The defendant’s principal argument that this is a misdemeanor complaint and not an information is that the instrument has an “X” mark placed beside the words “ Misdemeanor Complaint ”. The court takes judicial notice of the fact that this marking was typed in by a clerk of this court who prepared the complaint. It is true that both an “ information ” (CPL 100.10, subd. 1) and a “ misdemeanor complaint ” (CPL 100.10, subd. 4) are defined as “ a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more offenses * * *
none of which is a felony.” The distinction, however, between the two instruments is apparent from a reading of further sections of the CPL. "While both instruments may include factual allegations based either on personal knowledge or upon information and belief (CPL 100.15, subd. 3), an “ information ” is sufficient on its face only if the nonhearsay allegations “ establish, if true, every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40, subd. 1, par. [c].) Since all the allegations are nonhearsay, I deem the instrument to be an “ information.” The ministerial act of a clerk, in erroneously marking the instrument as a “ misdemeanor complaint ”, is.not decisive as to the nature of this instrument (cf. *421 CPL 170.65). The motion to dismiss on this ground is accordingly denied.
II
Defendant’s principal argument for dismissal of this criminal proceeding is that the defendant is being “ prosecuted for the commission of a crime by private counsel ” and not by the District Attorney.
On each of the days this matter appeared on the calendar of Part S.P.2, the attorney for the complainant appeared ready to present the case. The District Attorney did not appear, and the court takes judicial notice of the fact that the District Attorney never appears in the Summons Parts of the Criminal Court in any of the counties of New York.
The issue of the right of private counsel to represent the complainant in a criminal case having been raised, the court directed the service of all papers in this proceeding on the District Attorney and the Attorney-General of the State of New York.
There are no reported cases dealing with the issue of the right of any person other than the District Attorney or the Attorney-General of the State of New York to prosecute a criminal proceeding subsequent to the enactment of the CPL (May 20, 1970).
Let us first examine the law as it existed prior to the effective date of the CPL.
At common law the Attorney-General was the chief law officer of the sovereign, who was charged with' the duties of securing the peace and safety of the people through the prosecution of all persons charged with criminal offenses. The first Attorney-General of New York State was appointed by the Constitutional Convention of 1777. In 1796 the Legislature passed an act entitled “ An act making provision for the more due and convenient conducting public prosecutions, at the courts of oyer and terminer and gaol delivery, and general sessions of the peace.” The. act created the offices of assistant attorneys-general outside the City of New York with' the duty to attend criminal courts and to conduct all prosecutions for crimes and offenses cognizable in the Supreme Courts (Matter of Lewis v. Carter, 220 N. Y. 8, 13).
By statute, in 1801, the office of District Attorney was created, attaching to the office the duties of the Assistant Attorney-General. This act specifically provided that, amongst others, a Judge of the Supreme Court may require the Attorney-General *422 to attend' the court " and it shall1 be the duty of the attorney-general to attend accordingly, and thereupon to conduct at such court all public prosecutions ” and the District Attorney was required to aid in conducting the prosecutions. (2 Lincoln’s Constitutional History of New York 526-531, cited in Matter of Lewis v. Carter, supra, p. 14.)
In 1818, the act 'of 1801 was repealed, and the new statute provided for the appointment of a District Attorney in each county and required him " to conduct all prosecutions for crimes and offenses ” cognizable in the then Courts of Oyer and Terminer and General Sessions. (L. 1818, ch. 283.) The court in Matter of Lewis v. Carter pointed out that this language was transmuted into subdivision 4 of section 200 of the County Law of 1909 (Matter of Lewis v. Carter, supra, pp. 14, 15). The identical language of the aforesaid statute appears, in present subdivision 1 of section 700 of the County Law, enacted in 1950, which provides as follows: “1. It shall' be the duty of every . district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed1”. (Italics supplied.) Simultaneously, section 927 of the County Law was enacted providing in almost identical' language that " It shall be the duty of the district attorney of the respective counties of New York, Bronx, Kings, Queens and Richmond to prosecute all crimes and offenses cognizable by the courts of the county ” (L. 1950, ch. 691; italics supplied).
A criminal action is prosecuted in the name of the People of the State of New York against the designated person charged with a crime (see CPL 1.20, .subd. 1; former Code Crim. Pro., § 6; General Construction Law, § 18-a). As Mr. Justice Thomas Dickens said in People v. Rodriguez (13 Misc 2d 1004, 1006), “ the phrase ‘ People of the State of New York ’ * * * was signally intended' as the form of expression to symbolize the sovereignty of the State of New York in this criminal prosecution brought in its name.”
It thus appears that “ The right of the People of the state to be represented by the district attorney or attorney-general in all criminal prosecutions instituted in their name, is one inherent in those offices. ” (People ex rel. Gardiner v. Olmstead, 25 Misc. 346, 348.) The court in that case went on to say (p. 349) that the People are “ entitled to be represented at every stage thereof either by the district attorney for the county or attorney-general for the state, each of whom is a constitutional prosecuting officer for the people.”
*423 Our highest court in interpreting the 1818 statute specifically stated that the “ responsibility is upon him [the district attorney] to conduct all prosecutions for crimes triable in his county ” and that this “ duty to conduct prosecutions may fairly be construed to embrace whatever is properly essential to bring a criminal to trial as well as the proceedings of the trial.” (People ex rel. Gardenier v. Supervisors, 134 N. Y. 1, 5, 6; emphasis added.)
For many decades, however, subsequent to the enactment of the cited County Law, the practice grew for other officials and individual complainants or their attorneys to prosecute petty crimes and offenses, particularly in the Police Courts, Villag’e Courts, Magistrates Courts, and Courts of Special Sessions. In a number of lower court decisions the courts recognized the practical difficulties, if not the manifest impossibility, of the District Attorney’s prosecuting all such crimes. (See People v. Wyner, 207 Misc. 673; Matter of Coleman v. Lee, 1 Misc 2d 685; People v. Montgomery, 7 Misc 2d 294.) The Attorney-General concluded on the bases of the aforesaid cited authorities that “ it cannot be said that [the District Attorney] must prosecute every crime committed in his county, cognizable by courts of special sessions; that it is recognized that it is physically impossible for him to do so; that it is within his discretion, to determine which crimes require prosecution by him and which, do not, in the light of the extent of his facilities and size of his staff; that particularly where complaints are instituted by private persons, the District Attorney historically and traditionally need not and does not prosecute such crimes, but that the complainant may do so himself or by an attorney retained by him.” (1958 Opns. Atty. Gen. 117, 119; italics supplied.) While tradition may have supported this opinion, the cited authorities do not. All of them involved prosecution by public officials. (See, also, People v. Scharer, 185 Misc. 616; Matter of Johnson v. Boldman, 24 Misc 2d 592; People v. Black, 15 Misc. 516.)
In 1962 our Court of Appeals held that “ It is no longer open to question that petty crimes or offenses of this nature may be prosecuted in courts of special sessions by administrative officers and attorneys other than the District Attorney.” (People v. Czajka, 11 N Y 2d 253, 254; italics supplied. [Deputy Town Attorney], citing People v. DeLeyden, 10 N Y 2d 293 [Deputy Sheriff]; People v. Leombruno, 10 N Y 2d 900 [Village Attorney] and People v. Schildhaus, 4 N Y 2d 883 [Assistant Corporation Counsel].) It is to be noted that in all cases the “proseen *424 tor was a “public official.” (See, also, People v. Halbreich, 18 Misc 2d 473.)
Finally, in 1963 our highest court reviewed an order of the County Court of Orange County, which reversed a judgment of the City Court of the City of Middletown, convicting the defendant of assault in the third degree. The County Court held that complainant could not prosecute a complaint upon his own behalf.
Chief Judge Desmond stated in his majority opinion) (Peopl v. Van Sickle, 13 N Y 2d 61, 62): “ I join in the court’s negative answer to the only question presented to us on this appeal, that is: must a criminal conviction be reversed solely because the 'lay complaining witness was allowed to conduct the prosecution? ” However, he went on to say: “ If there was before us for decision the much broader question as to the District Attorney’s rights and duties I would say that the courts as well as the District Attorney himself must obey the plain, clear mandate of subdivision 1 of section 700 of the County Law. That statute does not necessarily mean that the District Attorney or his deputy must be physically present at every criminal hearing in the county. However, it means at least that Ihe District Attorney, as the elected representative of the people and charged with this responsibility, must carry the responsibility and must set up a system whereby he knows of all the criminal prosecutions in his county and either appears therein in person or by assistant or consents to appearance on his behalf by other public officers or private attorneys.”
In a concurring opinion, joined in by a minority of the court, Judge Van Voobhis disagreed with the latter statement of Judge Desmond, stating:
“We consider that a complaining witness has prima facie the right to conduct such a prosecution if the District Attorney does not do so, but must abide by the same rules of fairness and of law which would bind a public law officer if he were present.
“We disagree with the statement in the opinion by Chief Judge Desmond that the District Attorney must know of all the criminal prosecutions in the Justices ’ Courts in his county, and must either appear therein in person or by assistant or that all such prosecutions must be conducted by some public officer or private attorney with the consent of the District Attorney.” (Supra, p. 65.)
It is difficult to reconcile the holding of People v. Van Sickle (supra), that a conviction would not be set aside because the complaining witness was allowed to conduct the prosecution, *425 with the statement in the majority opinion that the District Attorney must appear either in person in all prosecutions or by public officers or private attorneys with his consent. Was this then a rule to be prospectively applied? Certainly the rule that the District Attorney “ must set up a system whereby he knows of all the criminal prosecutions in his county ” (People v. Van Sickle, supra, p. 62) is consistent with the principle “ that it is his right and duty to be informed of all prosecutions instituted in [the People’s] name.” (People ex rel. Gardiner v. Olmstead, 25 Misc. 346, 348, supra.)
The Attorney-General apparently adopted the majority opinion’s interpretation of section 700 of the County Law in subsequent opinions (see 1965 Opns. Atty. Gen. 118; 1966 Opns. Atty. Gen. 103; 1966 Opns. Atty. Gen. 125).
In 1970 the new CPL was enacted, effective September 1,1971. The New York City Criminal Court, for the first time, was specifically designated asa“ local criminal court ” (CPL 10.10, subd. 3, par. [b]) and its procedures thus governable by the CPL. Heretofore, it operated almost entirely under the New York City Criminal Court Act (see former Code Crim. Pro., § 741 et seq.).
The court takes judicial notice of the fact that the Summons Parts of the New York City Criminal Courts continue to act to this day, as they had in the past. Proceedings are initiated by complainants’ obtaining from a designated clerk of the court a “ Request to Appear ”, which has all the appearance of a summons, but includes the admonition “ if you fail to appear ” in caps, and continues in the smallest of print 11 a criminal action against you may be commenced without your first having an opportunity to be heard.” (There is no statutory provision for this procedure.) Upon the return date the matter is placed on the calendar of a Summons Part. In a typical year (1972) over 40,000 such “ requests ’’were placed on the calendar before a Criminal Court Judge sitting in each of the counties of New York. Upon appearance of the complainant and the summoned party or parties, or where the complainant appears alone on two occasions, the court, after hearing the parties, determines whether to direct or authorize the filing of the complaint, or to mark the matter “ Dismissed.” I would estimate that in the great majority of cases, the complainant does not appear and case is dismissed. (Dismiss what, one may well ask?) In the same calendar year only 5% of the cases calendared resulted in complaints being ordered, of which two thirds were held for *426 trial in the Summons Part. As pointed out earlier, the District Attorney does not appear in any of these “ proceedings1 ” as long as they remain in the Summons Part.
Following the above procedures this criminal action was commenced in the Summons Part by the complainant, represented by his own private attorney.
Defendant contends that by reason of CPL 1.20 (subd. 1) a private attorney cannot represent the People. This section defines a “ Prosecutor ” as “a district attorney or any otlver public servant who represents the people in a criminal action.” (CPL 1.20, subd. 31.) Was it the intention of the Legislature in enacting this section to limit all prosecutions to district attorneys and other public officials? The Assistant Attorney-General, in his affidavit, agrees with defendant’s contention stating that “ there does not appear to be statutory authority for a private attorney to represent the People of the State of New York as the prosecutor in a criminal action.” If such is the law, must it not necessarily follow that since a criminal action is commenced with the filing of an accusatory instrument (CPL 1.20, subds. 16, 17), the District Attorney or other designated public servant alone may file an information or misdemeanor complaint? (The Assistant District Attorney, in his affidavit, took no position on these issues.)
Since the court finds the determination of this motion is not dependent on the resolution of these issues, they must await resolution in an appropriate case. '
A criminal trial under our system of law is an adversary proceeding. The adversaries are the People of the State (and not an individual complainant) and the defendant, and “ in a criminal trial, the State is represented by a prosecutor. ’ ’ (Gagnon v. Scarpelli, 411 U. S. 778 [1973].) Historically a prosecutor has always been an attorney-general or a district attorney. His duties and responsibilities are frequently inconsistent with that of a complainant. “ The duty of the prosecutor is to seek justice, not merely to convict.” (Standards Relating to The Prosecution Function etc., American Bar Association, section 1.1 [c].) Accordingly, to the extent that others have been permitted to assume the role of a prosecutor by “ judicial legislation ’ ’ such extensions must be narrowly construed.
The right of persons other than the District Attorney to prosecute criminal actions has never been extended beyond1 “ petty crimes and offenses ” (People v. Czajka, 11 N Y 2d 253, 254, supra). The defendant in this case is charged with a vio *427 lation of section 198-c of the Labor Law, a misdemeanor, and upon conviction therefor the maximum sentence is one year in jail and a fine of $1,000. I hold that this crime is not a ‘6 petty offense.” While it is true that the defendant in the Van Sickle case (13 N Y 2d 61, supra) was convicted of assault in the third degree and faced the same penalty, that case preceded Duncan v. Louisiana (391 U. S. 145) and Baldwin v. New York (399 U. S. 66). In considering the right of a defendant to a trial by jury, our highest court, concerned with the distinction between a petty offense and a serious crime, stated: “ the boundaries of the petty offense category have always been ill-defined, if not ambulatory * * * the definitional task necessarily falls on the courts ” (Duncan v. Louisiana, supra, p. 160). In the Baldwin case the court said: “ In deciding whether an offense is ‘ petty ’, we have sought objective criteria reflecting the seriousness with which society regards the offense * * * and we have found the most relevant such criteria in the severity of the maximum authorized penalty * * * New York has urged us to draw the line between ‘ petty ’ and ‘ serious ’ to coincide with the line between misdemeanor and felony ” (Baldwin v. New York, supra, pp. 68, 69). The United States Supreme Court rejected this suggested line and held that where the possible penalty exceeds six months the offense is regarded as ‘ ‘ serious. ’ ’ In my opinion, this line must be equally drawn as to the right of a complaining witness or his attorney to appear, assuming he has such right. To permit a complaining witness or his attorney to represent the People before a jury would negate the rules of fairness required of a prosecutor (see People v. Fielding, 158 N. Y. 542; People v. Wright, 17 A D 2d 151; People v. Blackman, 43 A D 2d 742).
In the only reported case where the complainant’s personal attorney prosecuted the charge before a jury, the verdict was set aside by the County Court. In its opinion the court stated as one of the grounds of reversal, “ yet, by reason of the fact that the case was tried by counsel for the chief complaining witness, who had an interest in attempting to secure a conviction, the defendant’s substantial rights throughout the trial were violated ” (People v. Rogers, 205 Misc. 1106, 1109).
However, the definition of “ petty ” or “ serious ” cannot be dependent upon whether a jury is demanded or waived. It “ is necessary to draw a line in the spectrum of crime, separating petty from serious infractions ” (Duncan v. Louisiana, supra, pp. 160-161).
*428 Accordingly, I hold, the defendant having been charged with a crime where the maximum authorized' penalty exceeds six months, it is a “ serious ” crime which only the District Attorney may prosecute. (Note: The definition of district attorney in the CPL includes “ where appropriate, the attorney general ” [CPL 1.20, subd. 32].)
In view of the above, this court does not reach the issue of whether any lesser offense may be prosecuted by a person other than the District Attorney where he has failed to establish a system of knowledge and consent as set forth in People v. Van Sickle (supra, p. 62). Conscious as we must always be, that a defendant’s representation by experienced counsel “ may well be necessary for a fair trial even in a petty-offense prosecution ” (Argersinger v. Hamlin, 407 U. S. 25, 33), should it not equally follow that the People are entitled to be adequately represented by the counsel they have selected — the District Attorney? Nor does this court find it necessary to resolve the issue of the legality of the proceedings that took place in the Summons Part, prior to this matter being set down for trial, including the right of a Judge to initially decide if a complaint may be filed, the defendant not having previously objected thereto. As my former colleague Judge William E. Ristgel long ago said: “ appropriate legislative action would be more advisable than an act of judicial legislation ” to resolve these issues (People v. Halbreich, 18 Misc 2d 473, 475, supra). The fundamental question, as to whether or not the “ settlement ” of a comparatively small number of disputes between aggrieved citizens, by Judges of the Criminal Court, many of which do not initially belong in a criminal proceeding, outweighs the thousands who have abused the process and the other thousands who have been abused by it, must be resolved in other forums. In the City of New York, at least, should it not be the duty of the office of the District Attorney to initially “ screen ” all criminal complaints, rather than give the individual complainant the right to initiate such proceedings ?
The motion to dismiss will be held in abeyance until the adjourned trial date. On that date, if the District Attorney (or Attorney-General pursuant to section 214 of the Labor Law) appears in this proceeding ready to assume the prosecution of this case, the motion to dismiss will be denied. Otherwise, the motion will be granted, this court lacking jurisdiction to direct the District Attorney to appear.