OPINION OF THE COURT
Max Sayah, J.
May a Criminal Court Judge authorize and permit the attorney for a complaining witness to act as the prosecutor against a defendant charged with a criminal violation of a petty offense? In a case of apparent first impression, we hold that under the facts of this case the court acts within its power when it authorizes the People of the State of New York to be represented by a private attorney.
The defendant James Vial is charged with the offense of harassment, in violation of Penal Law § 240.25. He has moved to dismiss the charge against him on two grounds contending: (a) that the court is without power to appoint the attorney for the complainant as the acting prosecutor; and (b) that prosecution of the defendant is barred on the theory that he has been subjected to double jeopardy, in violation of CPL 40.30 and of US Constitution 5th Amendment.
background
On April 29, 1985, at about 8:15 p.m., in the ornate lobby of Carnegie Hall during a performance of the Chicago Symphony Orchestra, James Jones, the complaining witness in this case, acting as a security officer for Carnegie Hall, was called upon to escort the defendant James Vial from the Carnegie Hall premises. Mr. Jones, a veteran New York City Police Detective, was "moonlighting” as a security guard with the permission and approval of his superiors at the New York City Police Department. According to Detective Jones, the defendant was yelling loudly, shouting obscenities and using foul and abusive language. When asked to leave, Mr. Vial drove his elbow into Jones’ chest and spat in Jones’ face. An altercation ensued during which the defendant James Vial sustained injuries to his nose. According to Mr. Vial he was struck and intentionally assaulted by James Jones. Jones, on the other hand, contends that Vial appeared to be under the influence of drugs or alcohol and fell while moving to strike him.
Detective Jones was arrested and charged with assault *7 (Penal Law § 120.00 [1]) on the complaint of the defendant Vial. Jones thereupon requested a Judge of the Criminal Court, pursuant to the procedures of the Summons All Purpose Part (SAP), to authorize the issuance of a Criminal Court information charging the defendant with the offense of harassment, in violation of Penal Law § 240.25.
On September 30, 1985, the two Criminal Court informations, the one charging James Jones with assault and the other charging James Vial with harassment, were placed on the AP 5 Calendar. When the proceeding against Vial was called, the Assistant District Attorney moved the court to dismiss the charges against the defendant, urging that a conflict of interest existed on the part of the District Attorney. The court, not having heard from the attorney for Jones, granted the People’s request. Thus, only the single information against James Jones remained on the docket for prosecution.
On March 25, 1986, recognizing that the complainant/defendant James Jones would be severely prejudiced by the dismissal of his cross complaint against the defendant/complainant James Vial, the court authorized the filing of the instant information drawn against Vial, charging the offense of harassment as set forth by the facts of the original information.
The office of the District Attorney was invited by the court to institute alternative remedies which would dissipate the obvious conflict of interest generated by one Assistant District Attorney acting as prosecutor against both Mr. Vial and Mr. Jones. The court suggested that two separate "Chinese Wall” assistants be assigned to prosecute the two informations, citing a procedure outlined by the Appellate Division, First Department (see, Matter of Morgenthau v Crane, 113 AD2d 20 [1985]). Alternatively the court noted the possibility that the District Attorney could recommend the appointment of a Special District Attorney by the Supreme Court. (County Law § 701.)[1] The District Attorney declined either of these invita *8 tions, thereby creating a void for the People in the instant prosecution against James Vial.[2]
Accordingly, the court directed James Vial to stand trial, authorizing Peter J. Blessinger, the attorney for James Jones, to act in the nature of the private prosecutor who would present the People’s case against Mr. Vial.
DISCUSSION
The defendant contends that the court has acted beyond its power (he uses the term "ultra vires”) by authorizing his prosecution. Hence, he urges the proceedings should be dismissed.
We note at the outset that for several decades the Criminal Court of New York has staffed a term of the court known as the Summons All Purpose Part (SAP). Through this part pass hundreds upon hundreds of New York citizens charged with a variety of petty offenses.[3] The offenses include traffic violations, "fare beats”, sanitation violations, etc., all brought to court by universal summonses issued by law enforcement personnel. In addition to universal summonses, Criminal Court Judges, under the authority of the New York City Criminal Court Act § 50,[4] routinely authorize summonses and informations in this SAP Part, based upon the sworn allegations of private citizens who seek redress for criminal acts against them. Often these New York City citizens have appeared at local police precincts to register complaints as victims of a crime but are told by the police to seek remedy *9 before the SAP court. The offenses include harassment, assaults, sexual abuse, larceny and a host of other petty crimes.
The District Attorney, either by design, policy or monetary considerations, does not staff this SAP Part. Hence, there is no representatives of the People to prosecute the thousands of cases before the court. It is well established that when the District Attorney is aware of a prosecution or a term of the court in which prosecutions are ordinarily held and he chooses not to appear therein, he is held to acquiesce to prosecution by others. (People v Van Sickle, 13 NY2d 61; People v Czajka, 11 NY2d 253; People v DeLeyden, 10 NY2d 293; People v Leombruno, 10 NY2d 900; People v Schildhaus, 4 NY2d 883.) Further by consenting to these Assistant District Attorney-unattended prosecutions, the District Attorney appears to relinquish his duty "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he [has] been elected”. (County Law § 700 [1].) Where the charge brought under the SAP procedures is a petty offense (CPL 1.20 [39]) and remains in the SAP Part, the court routinely takes guilty pleas, conducts hearings and trials, asks questions, permits complaining witnesses and attorneys to question those charged, and in effect, the entire proceeding, in this so-called "People’s Court”, is generally one of private or court-conducted trial.
Where the docket which has originated in the SAP Part charges a misdemeanor and cannot be resolved in this SAP Part, the court policy is to forward the proceedings to an All Purpose Part (AP) for the assignment of an Assistant District Attorney. The District Attorney, for the first time, assumes his duty to conduct the prosecution under County Law § 700. The Assistant District Attorney in the AP Part investigates, moves the case to trial, or in many instances, moves the court to dismiss when the evidence is insufficient to prove the charges beyond a reasonable doubt.
Without question, the District Attorney has the unfettered right and discretion to decide which cases and which crimes are prosecutable. This exercise of discretion may not be interfered with by the court and remains solely within the province of the District Attorney. (People v Zimmer, 51 NY2d 390, 394; People v Tassiello, 300 NY 425, 427; Inmates of Attica Correctional Facility v Rockefeller, 477 F2d 375, 380 [2d Cir 1973].) However, despite this unfettered right of the District Attorney, when the District Attorney is confronted with a clear conflict of interest, he may not, consistent with his duty *10 to protect the public-at-large from any appearance of impropriety and risk of prejudice to a defendant, move to dismiss a pending case or take any action inconsistent with this intrusion into the proceeding involving his competing or disqualifying interest. (Cf. People v Zimmer, 51 NY2d 390, 395, supra; People v Shinkle, 51 NY2d 417, 421; ABA Standards Relating to Prosecution Function § 1.2 [a], [b] [iii]; Code of Professional Responsibility, Canon 9.)
It has been established that there exists in this case a conflict of interest on the part of the prosecution. Not only has the Assistant District Attorney conceded his conflict, but this court finds that the same Assistant District Attorney may not prosecute two cross-complainant/defendants, each of whom is charged with an offense against the other. How much clearer is this demonstrable actual prejudice? A court should exercise its power of disqualification for the appearance of impropriety; (1) if an attorney’s conflict of interest, in violation of Code of Professional Responsibility Canons 5 and 9,[5] undermines the court’s confidence in the vigor of the attorney’s representation of his client; or (2) where the attorney is at least partially in a position to use privileged information concerning the other side through prior representation, thus giving his client an unfair advantage. (Matter of Schumer v Holtzman, 60 NY2d 46, 55.)
While the Assistant District Attorney, in this proceeding, properly realized and conceded that he should not represent the People against both Mr. Jones and Mr. Vial, could he, we ask, move the court to dismiss existing charges against Mr. Vial without authorizing investigation by an independent prosecutor? We think not; we hold that this was error.
The court thus addresses the thorny issue. Who will act as the prosecutor in the case against the defendant when the District Attorney has created a void? Has this court, as is urged by Mr. Vial, exceeded its authority by appointing the attorney for James Jones to act as private prosecutor in the case against Mr. Vial?
The Court of Appeals has negatively answered the narrow question: must a criminal conviction be reversed solely because the lay complaining witness was allowed to conduct the *11 prosecution? (People v Van Sickle, 13 NY2d 61, 62.) In Van Sickle, the prosecution was conducted by the complaining witness who was the alleged victim of an assault. Neither the District Attorney nor an assistant was present at the trial. The charge was not prosecuted by a public official, but rather by the woman who claimed to have been mauled by the defendant. In the majority opinion, the court recognized that petty offenses might be prosecuted by attorneys other than the District Attorney, but limited its decision, by holding that a reversal was unwarranted simply because the District Attorney had not appeared. Judge Van Voorhis, in the concurring opinion, recognized that there are certain situations where the charges have not been preferred by public officials and where there is no one but the complaining witness to press the charge which would otherwise be dropped by default, and held that: "a complaining witness has prima facie the right to conduct such a prosecution if the District Attorney does not do so, but must abide by the same rules of fairness and of law which would bind a public officer if he were present.” (People v Van Sickle, supra, at p 65.) (See also, People v Czajka, 11 NY2d 253, supra; People v DeLeyden, 10 NY2d 293, supra; People v Leombruno, 10 NY2d 900, supra; People v Schildhaus, 4 NY2d 883, supra.)
A well-reasoned opinion of my colleague, Honorable Alfred H. Kleiman, outlines the history of private prosecution (People v Vlasto, 78 Misc 2d 419 [Crim Ct, NY County 1974]). The court in Vlasto reasoned that where a defendant is charged with a "serious” offense, one in which the maximum sentence exceeds six months, only the District Attorney may prosecute (People v Vlasto, supra, at p 428). The court held that in such an instance, absent the presence of a District Attorney, it lacked jurisdiction to proceed with the prosecution.
While we agree with the reasoning of Vlasto (supra), we disagree with its conclusion. We hold that once an information is docketed before the court, the court does not relinquish its jurisdiction simply because a District Attorney refuses to appear. The court has the responsibility of safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice. (People v Jelke, 308 NY 56, 63.) In addition it has the obligation on its own initiative to correct real or apparent improprieties which would tend to lower the esteem for the system of justice which it is bound to uphold. (People v Krstovich, 72 Misc 2d 90, 94; cf. ABA Standards Relating to the Functions of the Trial Judge, Stan *12 dard 1.1, at 7 [Tent Draft 1972].) Where the District Attorney has conceded the existence of a conflict of interest, the court should constrain itself from dismissing charges brought by a sworn information, for no one has properly investigated the charges. Rather the court should exercise its inherent power to correct any apparent impropriety. (People v Jelke, supra.)
As we have indicated above, the District Attorney was invited by the court to either select an Assistant District Attorney from another trial bureau to prosecute the instant case against Mr. Vial or to follow the. procedures for the appointment of a Special District Attorney under County Law § 701. He declined both invitations. Accordingly, the court finds no bar in acting to correct the void created by the self-disqualification of the District Attorney. (People v Van Sickle, 13 NY2d 61, supra.)
We may proceed by one of two methods. This court may forward the docket to a Supreme Court Justice who is empowered under County Law § 701 to order the appointment of a Special District Attorney; or in the alternative, the court may permit private prosecution of the defendant. After due consideration of all the factors concerning the use of section 701, we have chosen the latter procedure.
The defendant James Vial is charged with harassment, a violation which is delineated a petty offense (CPL 1.20 [39]). Were this court, as is contended by James Vial, obligated to act solely under the dictates of County Law § 701 after finding that the District Attorney was disqualified, we would procedurally refer the proceedings to a Supreme Court Justice for the appointment of a Special Prosecutor. The Supreme Court after a referral by this court for a section 701 Special District Attorney would be duly bound to make such an appointment. It is clear that where the District Attorney, as in the case at bar, seeks to disqualify himself, the burden of proof is sustained merely by a good-faith application containing the reasonable grounds for his belief that he is so disqualified. (Cf. People v Ferdinando, 40 AD2d 714.) The docket would thereupon be returned for trial before a term of the Criminal Court. Considering the huge case load [6] with which both the District Attorney and the courts of New York County are *13 burdened, and given the limited nature of staff and Trial Parts related to this case load, the appointment of a section 701 Special District Attorney would be unwarranted. We do not believe that the Legislature of this State, in passing County Law § 701, sought to bring about a situation as is here presented. If it were intended that in New York County every time there was a traffic offense, a sanitation offense, a peddling offense, a harassment offense or a disorderly conduct offense, that the District Attorney was required to wheel in his heavy artillery, then the members of the Legislature did not use common sense and simply did not remember the aged institution of the Magistrate’s Courts. People v Citadel Mgt. Co., 78 Misc 2d 626.)
As we have shown, the overwhelming weight of authority supports the proposition that the absence of representation by the District Attorney’s office neither invalidates a trial nor a conviction, especially where the offense involved is a petty offense. People v Czajka, supra.) Furthermore, this court cannot close its eyes to the practice that has developed for a century in this State People v Citadel Mgt. Co., supra) in the Magistrate’s Courts, and currently in the SAP Part, wherein thousands of cases yearly are disposed of either by plea or trial through the vehicle of court-conducted or private prosecution.
We thus hold that the attorney for the complainant James Jones may act as the private prosecutor in the trial of the defendant James Vial.
The court is mindful that the necessity that the attorney for James Jones act as private prosecutor may itself be considered a conflict of interest, in that a private attorney, hired to pursue an individual’s personal claims and interests is compelled by the Code of Professional Responsibility to act within the bounds of the law solely for the benefit of his client and free of compromising influences and loyalties. (ABA Code of Professional Responsibility, EC 5-1.) However, the activities of a public prosecutor are held to a different ethical standard in that the prosecutor, as a representative of the State, is mandated by his oath of office to not merely seek to obtain convictions but to seek justice. (ABA Code of Professional Responsibility, EC 7-13; People v Savvides, 1 NY2d 554, 556-557; People v Brown, 66 AD2d 158; People v Bolla, 112 Misc 2d 703.)
This differing standard of ethical conduct may present the *14 private prosecutor with a conflict of competing interests as between the fiduciary duty of partisan loyalty to his client and the more abstract and metaphysical commandment that a prosecutor must pursue simple and impartial justice regardless of its result. (See, e.g., Cardinale v Golinello, 43 NY2d 288; Matter of Kelly, 23 NY2d 368, 376; People v Savvides, supra; People v Brown, supra.)
However, no prejudice will lie if the trial court diligently monitors the proceeding with the same rules of fairness and of law which would bind the District Attorney if he were present. (People v Van Sickle, supra, at p 65.) This court is confident that a Trial Judge hearing this matter will be sensitive to the delicate balance necessary to afford all parties the fundamental fairness and substantial justice that due process requires.
Mr. Vial’s remaining argument that he has been subject to double jeopardy is without merit. Jeopardy occurs when the action against a defendant either:
"(a) Terminates in a conviction upon a plea of guilty; or
"(b) Proceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn.” (CPL 40.30 [1].)
Prosecution on a second information does not place the defendant in double jeopardy, although an earlier information has been dismissed as insufficient. (People v Votano, 231 NYS2d 337; People v Chandler, 111 Misc 2d 654.)
James Vial has not been tried. Therefore, jeopardy has not attached.
CONCLUSION
For all of the foregoing reasons, the court holds that Mr. Vial must proceed to trial and that the attorney for James Jones may conduct the prosecution.

. County Law § 701 reads in part as follows: "Whenever the district attorney of any county and his assistant, if he has one, shall not be in attendance at a term of any court of record, which he is by law required to attend, or is disqualified from acting in a particular case to discharge his duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order appoint some attorney at law having an office in or residing in the county * * * to act as special district attorney during the * * * inability or disqualification of the district attorney.

. When invited to address the issue of the conflict of interest involved in cross-complaint cases, the office of the District Attorney skirted the issue and replied: "Criminal Court ADAs are responsibile for evaluating all of the available evidence in each case assigned to them. These ADAs move to dismiss cases in which there is insufficient credible evidence to support a conviction of the defendant.” At no time did an Assistant District Attorney answer the court’s concern that a conflict of interest would prevent the same ADA from investigating cross-complaint — docketed cases and thereby move to dismiss on the grounds of insufficient credible evidence.

. During the calendar year 1985, the New York County SAP Part handled approximately 50,222 cases. Of these cases, 3,105 were complaints initiated by private citizens upon application before the court.

. New York City Criminal Court Act § 50 reads in part as follows: "Provision shall be made at all times in each part of the court in which a judge is sitting as a magistrate * * * to the effect that any person to whom permission is refused to make and verify a complaint and who is thereby aggrieved will be heard upon application to the judge in person before the closing of the pending session of the court.”

. Canon 5 — "A lawyer should exercise independent professional judgment on behalf of a client”.
Canon 9 — "A lawyer should avoid even the appearance of professional impropriety”.

. A recent article in the New York Law Journal (Apr. 28, 1986), publicized the work load of District Attorney Morgenthau’s office as probably the highest in the United States with 84,564 misdemeanor cases for the year 1985 alone. The nearest borough was Kings County with 27,972 misdemeanor prosecutions.