■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY TURCHIARELLI, Appellant.— Judgment unanimously reversed on the law and a new trial granted. Memorandum: It appears from the proof adduced on the preliminary hearing that following interrogation of the defendant on the morning and afternoon of his arrest during which time he repeatedly denied guilt he was taken by the police to the Town Hall for arraignment. While awaiting the arrival of the Justice, he, in the absence of counsel, volunteered to give a truthful statement to the officers having him in charge and in answer to their questions in the Town Hall and later at the police station did make certain inculpatory statements. He was not arraigned until after the interrogation was completed. The trial court found, following the preliminary hearing, that the People had established voluntariness of the statements beyond a reasonable doubt but made no finding as to whether the defendant had waived his right to counsel. The rule enunciated in *People* v. *Meyer* (11 N Y 2d 162, 164–165) where there was a voluntary unsolicited statement made by the accused to a police officer after arraignment is clearly applicable to a consideration of whether the defendant's statements should have been suppressed. " An arraignment after an arrest must be deemed the first stage of a criminal proceeding * * * In reason and logic the admissibility into evidence of a post-arraignment statement should not be treated any differently than a post-indictment statement. A statement so taken necessarily impinges on the fundamentals of protection against testimonial compulsion, since the jury might well accord it weight beyond its worth to reach a verdict of guilty * * * We thus conclude that any statement made by an accused after arraignment not in the presence of counsel as in *Spano* [v. *New York*, 360 U. S. 315], [*People* v.] Di Biasi [7 N Y 2d 544] and [People v.] Waterman [9 N Y 2d 561] is inadmissible." In *People* v. *Richardson* (25 A D 2d 221) the court clearly points out that the situation of a defendant being held in the courthouse awaiting arraignment is no different so far as his constitutional right to counsel is concerned than that of a defendant whose arraignment has been begun. In either case the judicial process has begun. Similary following *People* v. *Richardson* we have held in *People* v. *Veitch* (26 A D 2d 764) that the right to counsel attaches before arraignment when arraignment is delayed to enable the police to procure a defendant's statement. Such right may be waived (*People* v. *Bodie,* 16 N Y 2d 275), but no evidence of such waiver was produced on the preliminary hearing or on the trial. (see *People* v. *Meyer, supra.*) The failure of the court to suppress the statements was prejudicial error requiring a reversal of the judgment of conviction. It follows that any statements, oral or written, made to the police by appellant after he was taken to the Hamburg Town Hall in the late afternoon of July 1, 1963 for the purpose of arraignment should

be suppressed. (Appeal from judgment of Erie County Court convicting defendant of attempted arson, second degree.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.