■ The People of the State of New York, Respondent, v. Leslie Law-rence, Appellant.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: It appears that on the morning of his arraignment in City Court the defendant with other prisoners was taken from the cell block in the basement of the Syracuse Police Headquarters to the detention quarters adjoining the courtroom for arraignment about 7:00 A.M. The

defendant was brought to the office of Sergeant Delaney, the liaison officer between the Police Department and the court, about 8:00 or 8:15 A.M. Delaney already had before him the court sheet constituting the court's record of the day's calendar indicating the charges that had been placed against the defendant. He turned the defendant over to Sergeant Hunter who interrogated defendant and elicited admissions from him he testified to on the trial. He in turn took the defendant to Officer Sherlock who at about 9:00 or 9:30 A.M. took the defendant's affidavit. Delaney testified to oral statements made by the defendant at the time the affidavit was being taken. The defendant was later returned to detention quarters and arraigned as the last case on the calendar. Nowhere does it appear that he waived his constitutional rights to counsel. *People* v. *Turchiarelli* (26 A D 2d 898) reviews the authorities pertinent to the requirement that the right to counsel attaches as soon as the judicial process has begun: "The rule enunciated in *People* v. *Meyer* (11 N Y 2d 162, 164–165) where there was a voluntary unsolicited statement made by the accused to a police officer after arraignment is clearly applicable to a consideration of whether the defendant's statements should have been suppressed. ' An arraignment after an arrest must be deemed the first stage of a criminal proceeding * * * In reason and logic the admissibility into evidence of a post-arraignment statement should not be treated any differently than a post-indictment statement. A statement so taken necessarily impinges on the fundamentals of protection against testimonial compulsion, since the jury might well accord it weight beyond its worth to reach a verdict of guilty * * * We thus conclude that any statement made by an accused after arraignment not in the presence of counsel as in *Spano* [v. *New York*, 360 U. S. 315], [*People* v.] *Di Biasi* [7 N Y 2d 544] and [*People* v.] *Waterman* [9 N Y 2d 561] is inadmissible.' In *People* v. *Richardson* (25 A D 2d 221) the court clearly points out that the situation of a defendant being held in the courthouse awaiting arraignment is no different so far as his constitutional right to counsel is concerned than that of a defendant whose arraignment has been begun. In either case the judicial process has begun. Similarly following *People* v. *Richardson* we have held in *People* v. *Veitch* (26 A D 2d 764) that the right to counsel attaches before arraignment when arraignment is delayed to enable the police to procure a defendant's statement. Such right may be waived (*People* v. *Bodie,* 16 N Y 2d 275), but no evidence of such waiver was produced on the preliminary hearing or on the trial. (See *People* v. *Meyer, supra.*) The failure of the court to suppress the statements was prejudicial error requiring a reversal of the judgment of conviction." The facts here cannot reasonably be differentiated from *Turchiarelli* where the defendant was taken to the Town Hall for arraignment and was awaiting arrival of the Justice of the Peace at the time he made his statement. Here he was taken to the detention room or bull pen to await his arraignment already listed on the court calendar when he was questioned. The absence of any waiver of the right to counsel precluded the use of the oral statements on the trial and their being admitted in evidence constituted prejudicial error requiring reversal of the judgment of conviction and a new trial. We would also point out that the receipt in evidence of testimony by police officers as to the identification of the defendant at headquarters by the complaining witness Harry Wilber, Jr. on personal confrontation and from photographs was error. (See *People* v. *Caserta,* 19 N Y 2d 18.) (Appeal from judgment of Onondaga County Court convicting defendant of sodomy, first degree, and assault, second degree.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.