Irving Younger, J.
This is an action for malicious prosecution in which, upon defendant’s failure to appear, I took an inquest.
In order to prevail, plaintiff must prove four elements: (1) institution of a criminal proceeding by defendant against plaintiff; (2) termination of the proceeding in plaintiff’s favor; (3) absence of probable cause; and (4) malice. (Munoz v. City of New York, 18 N Y 2d 6.)
As to the second, third, and fourth, the proof is ample, no issue of law presents itself, and the circumstances will interest none but the parties.
As to the first element, there emerges from the record an apparently novel question. Insofar as relevant, the evidence *353 discloses that in March, 1968, defendant swore out an information against plaintiff in Part 7-B of the Criminal Court, in consequence of which the Judge then presiding issued a summons, not a warrant. Does this constitute the institution of a criminal proceeding? If it does, plaintiff has satisfied the first element. If it does not, the complaint must be dismissed.
The rule one finds in the authorities is that the issuance of a warrant marks the institution of a criminal proceeding. (Halberstadt v. New York Life Ins. Co., 194 N. Y. 1; Halberstadt v. Nelson, 34 Misc 2d 472, 475; 2 N. Y. PJI 799.) Since a summons is not a warrant, the temptation is to say at once that plaintiff has failed to satisfy the first element. Reflection, however, leads the other way.
The view that issuance of a warrant is the decisive event finds its sanction in section 144 of the Code of Criminal Procedure: u A prosecution is commenced, within the meaning of any provision of this act which limits the time for commencing an action, when an information is laid before a magistrate charging the commission of an offense and a warrant of arrest is issued by him ”, This, I think, is too pat a solution. The Legislature contemplated that a Criminal Court Judge have the discretion to issue a summons rather than a warrant. (Code Grim. Pro., § 150; N. Y. City Grim. Ct. Act, § 57.) Reading those provisions together with section 144, I am persuaded that a prosecution may be commenced either by the issuance of a warrant or, at least in New York City, by the issuance of a summons.
In any event, the question presented here is a question in torts, not in crimes. What serves to define the commencement of a prosecution for purposes of the law of criminal procedure with respect to limitations of time does not equally serve to define the commencement of a prosecution for purposes of the law of tort. The genius of the latter is to provide a civil remedy for harm unjustifiably caused a plaintiff by a defendent. Here plaintiff pleads malicious prosecution, the gist of which is the unjustified resort by defendant to the processes of criminal law. Defendant caused a summons to issue out of Part 7-B of the Criminal Court. That is a resort to the processes of criminal law. Defendant’s action was unconscionable, and there followed precisely the harm to plaintiff for which the law of tort provides a remedy. Then it seems to me ineluctable that, for purposes of proving the tort of malicious prosecution, the commencement of a criminal proceeding is marked by the issuance of a summons.
I note by way of make-weight that this conclusion, while on its face at odds with section 144 of the present Code of Criminal Procedure, comports with the Proposed New York Criminal *354 Procedure Law, which in section 50.05 specifies that “ a criminal action is commenced in a local criminal court by the filing therewith of: (1) An information ” and goes on, in the comment, to condemn section 144 as “ patently inaccurate.”
On the record before me, plaintiff has demonstrated defendant’s liability. I fix the amount of his damages as $1,500 and direct the entry of judgment accordingly.