Julian A. Hebtz, J.
Defendant is before the court on separate charges. The first is contained in an information sworn to by a police officer on December 26, 1972, charging disorderly conduct and harassment (Penal Law, §§ 240.20, 240.25). Both charges are violations.
Consequent upon defendant’s nonappearance in Part 3 of this court on December 27,1972, after his parole at arraignment, a bench warrant was ordered. The filed papers indicate that at the same time the Judge in Part 3 also put the case over to January 11, 1973 “as to all defendants.” The decision to do so might be accounted for by the presence in court on December 27, 1972 of one or more of the codefendants and the court’s desire to make a unified disposition of the matter as to all three defendants. However that may be, on January 11, 1973, consequent upon the failure of the defendants to appear, a warrant was again ordered.
On July 11, 1973, defendant Ortiz was arrested on a separate charge and he was then returned to Part 3 on the warrant. A complaint charging bail jumping in the second degree (Penal Law, § 215.56), was sworn out and defendant was arraigned thereon on July 11,1973. Since defendant has been incarcerated awaiting trial on the charge responsible for his rearrest on that date, this bail-jumping charge has been adjourned on successive occasions, initially awaiting defendant’s present motion to dismiss and to permit a decision thereon.
By means of this motion defendant urges the impropriety of grounding a bail-jumping charge on the defendant’s failure to appear after parole on the first afore-mentioned charges which constitute violations (infractions of the law not amounting to misdemeanors). Defendant urges that under section 215.56 of the Penal Law, a defendant cannot be charged with bail jumping unless he fails to appear in connection with a ‘ ‘ criminal action or proceeding.” It is urged that violation charges as filed in this case do not fit the quoted classification.
*999 To support his contention, counsel bases his claim upon an alleged distinction founded on CPL 100.05 which defines an accusatory instrument. Defendant theorizes that the omission of general violation affidavits from that section mandates the conclusion that they are not accusatory instruments. While he so argues, he does not deal with the question of where that contention leaves violation prosecutions or whether such general violation affidavits are not themselves informations and, as such, accusatory instruments.
Doubtless, while the legislative classification of certain relatively minor breaches of accepted standards of conduct were not found to warrant the application of the more serious criminal sanctions applicable to felonies and misdemeanors, it is to be noted that such transgressions remain within the jurisdiction of the Criminal Court and upon conviction substantial penalties may be incurred.
This court concludes that the claimed statutory omission is an argument without substance. Further, this court holds that the underlying violation complaint is, really, an information. An “ information ” is defined as “ An accusation exhibited against a person for some criminal offense, without an indictment ”. (Black’s Law Dictionary [3d ed], p. 918). There is no basis for carving violation charges out of the customary criminal procedures having to do with enforcement of process. There is ample reason to believe no such exception exists since it appears the Legislature has clearly demonstrated its awareness that in some respects (not including defendant’s argument) violations should be distinguished from misdemeanors and felonies. Indeed, the exception to which defendant directs the court’s attention supports the conclusion reached. Under subdivision 1 of CPL 160.10 fingerprinting is not required in the case of violation charges. The Legislature has taken no steps to exclude bail or parole-jump charges where the underlying charge is a violation.
Further, it is to be noted that recently housing violations in the City of New York were added to traffic cases taken from the Criminal Court and transferred to an administrative setting. In short, until the Legislature decides bail or parole-jumping charges are inappropriate to nonappearance in violation cases, defendants will continue to run that risk upon their unauthorized absence from the court.
CPL 510.10 also weighs against the defendant’s contentions. That section provides: ‘ ‘ When a principal, whose future court attendance at a criminal action or proceeding is or may be *1000 required, initially comes under the control of a court, such court must, by a securing order, either release him on his own recognizance, fix bail or commit him to the custody of the sheriff.” Had there been no criminal proceeding, then, the court would have been precluded from setting bail in this instance, since GPL 510.10 is also limited to a criminal proceeding.
In the Practice Commentary to section 215.56 of the. Penal Law (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 215.56), the authors, in discussing the application of the provision dealing with second degree bail jumping, explain that 1 ‘ Prior to the 1968 amendment, this question often arose: what offense was committed by a person who failed to respond to an ‘ appearance ticket ’ (a process confusingly referred to as a summons) issued by a public officer or other authorized public servant (not by a court)' requiring the recipient’s court appearance upon a future date to answer an information which was to be subsequently filed at sometime before the return date? The recipient’s failure to attend did not constitute ‘ criminal contempt ’ because it was not disobedience of the court or process of a ‘ court ’ (§ 215.50[3]). Such failure, however, might have constituted ‘ bail jumping, ’ which was broadly defined in terms of failure of court appearance after release from custody, with or without bail, 1 by court order or by other lawful authority ’ (former §§ 205.35, 205.40).
‘ ‘ The 1968 amendment clarified this area by confining the crime of bail jumping (§§ 215.56, 215.57) to defiance of court mandates only. It also created a new offense (§ 215.58) addressed exclusively to the ‘ ticket ’ situation based upon a person’s alleged commission of a misdemeanor, carrying a penalty (a violation) less than that for bail jumping.”
The defendant’s challenge to the bail-jumping charge lodged against him ignores the provision of subdivision 18 of CPL 1.20 where it is stated a criminal proceeding 1 ‘ means any proceeding which (a) constitutes a part of a criminal action or (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action, either of this state or of any other jurisdiction, or involves a criminal investigation.”
On this motion, defendant incorrectly states that the charges lodged against him were filed pursuant to a District Attorney’s violation affidavit. They were not. The initial affidavit was made by Police Officer James P. McKenny. And with respect to the claimed distinction between the underlying information and those filed in misdemeanor cases, the fact is that, for practical purposes, there is none. It is necessary to go no further *1001 than the very cases before the court. Comparison of the violation charges brought by means of the afore-mentioned officer’s affidavit and the misdemeanor bail-jumping affidavit shows that the former is on white paper with the printed legend in the upper right corner “ Disorderly Conduct Harassment ” while the latter is on blue paper and contains the words ‘ ‘ Misdemeanor Complaint ”. Beyond that, the forms used are identical.
In the present case, there is no doubt that by failing to appear in court as scheduled, the defendant was subject to being charged with defiance of a court order and that he was doing so in the course of a criminal action or proceeding. Consequently, he is liable to prosecution under section 215.56 of the Penal Law for bail jumping in the second degree. The motion to dismiss is denied.