■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL CRUZ, Also Known as MARCOS VEGA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 8, 1976, convicting him of murder in the second degree and two counts of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress a confession. Judgment reversed, on the law, motion to suppress granted and new trial ordered. Appellant was arrested, without a warrant, on July 4, 1975. He was told that he was arrested "on an indictment for murder." However, although the indictment was voted on July 2, 1975, it was not filed until July 8, 1975. At the police

precinct, appellant was informed of his *Miranda* rights, agreed to answer questions without the presence of an attorney, and subsequently confessed to the murder. Appellant now claims that his confession was inadmissible because he waived his *Miranda* rights without the presence of counsel, after the Grand Jury had spoken. We agree. As a general rule, "The filing of an indictment constitutes the commencement of a formal judicial action against the defendant and is equated with the entry of an attorney into the proceeding" *(People v Settles,* 46 NY2d 154, 159). "A criminal defendant under indictment and in custody may not waive his right to counsel unless he does so in the presence of an attorney" (pp 162-163; *People v Hobson,* 39 NY2d 479). In the instant matter, although the indictment had not been formally filed, there can be no doubt that the accusatory stage of the criminal proceeding had commenced. The police apparently believed that an indictment had been returned and arrested the appellant pursuant to such belief. Also important is the fact that appellant was told that he had been indicted for murder and there is no reason to believe that he doubted such information. Furthermore, the Grand Jury had concluded its deliberations as to this indictment and the filing thereof was imminent. In these circumstances, the judicial process had effectively commenced and the appellant should not have been interrogated in the absence of counsel (cf. *People v Richardson,* 25 AD2d 221; *People v Turchiarelli,* 26 AD2d 898; *People v Lawrence,* 29 AD2d 829). Here, the fact that the indictment had not yet been formally filed does not alter the conclusion that the appellant was at a juncture at which legal advice was crucial (see *People v Settles, supra).* His confession should therefore have been suppressed. There can be no reasonable question that the improperly admitted confession may have contributed to appellant's conviction. Therefore, a new trial is required (cf. *Chapman v California,* 386 US 18). Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.