OPINION OF THE COURT
Herbert Kramer, J.
This is a motion made during trial at the end of plaintiff’s case, renewed at the close of defendant’s case, to dismiss each cause of action. The court denied the motion as to causes of action for assault, battery and false imprisonment.
The court is presented with a question whether plaintiff has proven a prima facie case on the cause of action of malicious prosecution,* specifically as to an element thereof, the requirement of the commencement of a criminal action. The court must decide whether the issuance of a Desk Appearance Ticket (hereinafter D.A.T.) satisfies that requirement.
The United States Court of Appeals for the Second Circuit, faced with this issue, held that service of a D.A.T. is the commencement of a criminal action for malicious prosecution purposes. We hold to the contrary, in a case of first impression in New York State.
BACKGROUND
The trial testimony portrayed an indictment which cul *736 minated with the service of a D.A.T. by a New York City Transit patrolman upon plaintiff, requiring his appearance in criminal court at a future date therein specified. When plaintiff appeared in the criminal court on the indicated date, he was ultimately informed that the District Attorney had dropped the charges. Plaintiff’s malicious prosecution action is based on these events. Thus, the question before the court is whether a criminal action was commenced by the service of a D.A.T.
Upon analysis of the relevant statutes and the few reported decisions in New York dealing with this issue, the court holds that the issuance of a D.A.T., without a concomitant filing of an accusatory instrument, or other judicial intervention, is not the commencement of a criminal action and cannot support a cause of action for malicious prosecution.
DISCUSSION
“A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court”. (CPL 1.20, subd 17.) An accusatory instrument is defined as “an indictment, an information, *** a misdemeanor complaint or a felony complaint.” (CPL 1.20, subd 1.) The appearance ticket is not included in this definition, rather it is described as “a written notice issued by a public servant * * * requiring a person to appear before a local criminal court in connection with an accusatory instrument to be filed against him therein.” (CPL 1.20, subd 26; emphasis added.)
Therefore, by definition, it appears that the issuance of a D.A.T. must be followed by the filing of an appropriate accusatory instrument enumerated above, which then commences the criminal action. (See People v Rodriguez, 90 Misc 2d 356, wherein it was held that an appearance ticket is merely an invitation to appear which gives the court neither jurisdiction of the defendant nor the subject matter.)
Another piece of the statutory framework regarding the D.A.T. states: “A police officer or other public servant who has issued and served an appearance ticket must, at or *737 before the time such appearance ticket is returnable, file or cause to be filed with the local criminal court in which it is returnable an information, a simplified information or a misdemeanor complaint charging the person named in such appearance ticket with the offense specified therein.” (CPL 150.50, subd 1.) This section further, supports the view that the issuance of an appearance ticket, standing-alone, does not commence an action. (See Farkas v State of New York, 96 Misc 2d 784.)
The leading cases in the area have gone beyond the CPL definition to hold that some judicial intervention is the prerequisite to a malicious prosecution action*. (Broughton v State of New York, 37 NY2d 451; Barry v Third Ave. R.R. Co., 51 App Div 385.) It is appropriate, therefore, to determine whether any aspect of the D.A.T. procedure involves judicial intervention.
The only procedure akin to a judicial act which is authorized upon issuance of a D.A.T., prior to the filing of an accusatory instrument, is set forth in CPL 150.30. This section permits a police officer to require the posting of prearraignment bail as a condition of the issuance of a D.A.T. Although the setting of bail is traditionally a judicial function, the administration of this section lies solely within the discretion of the police department. There is no parallel judicial authority regarding bail in this situation. The court holds that the authority of the police herein is merely incidental to the service of a D.A.T. Thus, this statute does not create the opportunity for judicial intervention.
Another poitit of inquiry is the compulsory nature of the D.A.T. The CPL states that the D.A.T. “requires” the defendant to appear. However, the two statutes authorizing sanctions for failure to respond to a D:A.T. do not bespeak all possible circumstances and would leave the court without a remedy in the case at bar. First, a summons or arrest warrant for failure to respond may issue only if an information or misdemeanor complaint has previously been filed. (CPL 150.60.) As this had hot been done in the instant case, the court could not have ordered an arrest warrant had plaintiff failed to appear. Secondly, it is a violation to fail to appear if the underlying offense *738 for which the D.A.T. is issued is a misdemeanor. (Penal Law, §215.58; see, also, People v Ortiz, 75 Misc 2d 997, 1000; Farkas v State of New York, 96 Misc 2d 784, 787, n 3, supra.)
Since plaintiff was charged with resisting arrest and obstructing governmental administration, both misdemeanors, he would have faced liability under this section had he failed to appear. It should be noted, however, that the discretion to file such a charge lies solely with the local prosecutor, and not with the court.
Accordingly, the court had no power to act in the event plaintiff had failed to respond.
In holding today that the issuance of a D.A.T. does not commence a criminal action, this court respectfully disagrees with the United States Court of Appeals for the Second Circuit which followed New York law when faced with this issue, but found no case on point. (Rosario v Amalgamated Ladies’ Garment Cutters’ Union, Local 10, I.L.G.W.U., 605 F2d 1228.) The court recognized the statutory definition set forth in the CPL but relaxed the standard for purposes of a malicious prosecution action. The court reasoned that the injury caused by a D.A.T. may be no less serious than would result if a court were to issue a summons, and that no distinction should be drawn in tort law, given its remedial objectives.
The New York courts, however, have been consistent in attaching civil liability for malicious prosecution only in those cases where there has been actual commencement in accordance with the criminal procedure statute then in effect or, alternatively, another identifiable, concrete act of judicial intervention.
When viewed in light of the entire statutory framework of the D.A.T., mere issuance of a D.A.T., without more, constitutes neither the commencement of a criminal action nor an act of judicial intervention.
The cause of action for malicious prosecution is dismissed, and it is so ordered.

 The elements of a malicious prosecution action are: (1) commencement of a judicial proceeding, (2) malice, (3) lack of probable cause, and (4) termination favorable to plaintiff.