OPINION OF THE COURT
Mara T. Thorpe, J.
In this case of apparent first impression, the court is called upon to decide two issues arising out of proceedings in the Summons Part of the New York City Criminal Court. The action has been denominated by plaintiff in his note of issue as one for abuse of process, and defendant has now moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action. The motion raises the issue of whether a “Request to Appear” in a Summons Part is process for purposes of the tort of abuse of process and, if not, whether it constitutes the commencement of a criminal proceeding for purposes of the tort of malicious prosecution.
In deciding this motion, the court assumes, as it must, the truth of the allegations in the complaint and accords them every reasonable inference. (Rovello v Orofino Realty Co., 40 NY2d 633; Board of Educ. v Farmingdale Class *969 room. Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397.)
The complaint alleges that on eight separate occasions between June, 1972 and Jhne, 1977, defendant appeared before the clerk of the New York City Criminal Court and falsely stated that plaintiff had denied defendant, his landlord, access to plaintiff’s apartment, a violation of section D26-10.07 of the New York City Administrative Code and a misdemeanor.[1] The complaint further alleges that on each of these occasions, as a result of defendant’s false statements, a request to appear[2] was issued and served upon plaintiff. Plaintiff appeared each time in response to said requests and each time the complaint was dismissed, three of those dismissals being based on the instant defendant’s failure to appear. Plaintiff contends that none of these actions was based on probable cause and that each was instituted by defendant with malice and solely to cause plaintiff anxiety, embarrassment and expense and to deter him from enforcing his legal rights as a tenant. For a second cause of action, plaintiff alleges that on one occasion, the request to appear was exhibited to his colleagues at his place of employment and on another occasion it was posted in the public elevator of his building, thus causing him humiliation before his fellow employees and tenants. The complaint alleges that all of the foregoing acts constitute a perversion of the purposes of the Criminal Court.
Abuse of process has been broadly defined by the Court of Appeals as “the misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process.” (Board, of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 400, supra.) The three essential elements of the tort are: (1) regularly issued process; (2) a motivation to do harm without economic or social excuse or justification; and (3) the seeking of “some, collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process” such as extortion, blackmail or retri *970 button. (Board of Educ. v Farmingdale Classroom Teachers Assn., supra, p 403.) The complaint adequately alleges the latter two elements. The issue is whether the requests to appear constitute process. Analysis of this issue must begin with a brief review of Summons Part proceedings.
Although there is no statutory authority for the proceedings in the Summons Part of the New York City Criminal Court (People v Vlasto, 78 Misc 2d 419; People v Birnberg, 112 Misc 2d 870), private parties have historically been permitted to initiate prosecutions of petty offenses in those parts by virtue of the sanction of long tradition (People v Vlasto, supra; People v Citadel Mgt. Co., 78 Misc 2d 626, revd on other grounds 80 Misc 2d 668).
To initiate the proceeding, the complainant obtains from a designated court clerk a request to appear. This document, which has “all the appearance of a summons,” but no statutory authority for its issuance (People v Vlasto, supra, p 425), contains the name of the person to whom it is directed and that of the complainant, the offense alleged to have been committed, the return date, and the admonition “if you fail to appear * * * a criminal action against you may be commenced without your first having an opportunity to be heard.”
On the return date, the matter appears on the calendar of the Summons Part, and upon the appearance of the complainant and the party who has been requested to appear, or when the complainant has appeared alone on two occasions, a Criminal Court Judge decides whether to authorize the filing of a complaint or to dismiss the matter. (People v Vlasto, supra.) The discretion exercised by the Judge in this regard is subject to appellate review. (See People v Burgos, NYLJ, Sept. 2, 1980, p 5, col 1; People v Kissling, App Term, 1st Dept, Docket No. 48206/81, July 7, 1981.)
Process is a “ ‘ “direction or demand that the person to whom it is directed * * * perform or refrain from the doing of some prescribed act”’” (Julian J. Studley, Inc. v Lefrak, 41 NY2d 881, 884; Williams v Williams, 23 NY2d 592.) In New York State criminal proceedings, process takes the form of a summons, warrant of arrest or bench *971 warrant, none of which may be issued prior to the filing of an accusatory instrument. (See CPL 130.10, 120.10, 1.20, subd 3; 530.70.) It may also take the form of an appearance ticket, authorized by CPL article 150. Since response to an appearance ticket issued for the alleged commission of a misdemeanor is obligatory, failure to appear in response thereto being punishable as a violation under section 215.58 of the Penal Law, it has been stated that an appearance ticket “may be deemed [to be] a process”. (Farkas v State of New York, 96 Misc 2d 784, 787, n 3; see Rosario v Amalgamated Ladies Garment Cutters’ Union, Local 10, I.L.G.W.U., 605 F2d 1228, cert den 446 US 919; but see McClellan v New York City Tr. Auth., 111 Misc 2d 735.)
A request to appear differs from these forms of process in that by its very language it invites rather than demands the appearance in court of the person to whom it is addressed. Moreover, there is no penalty or other coercive action which can be taken for failure to appear in response to it unless and until an accusatory instrument is actually filed at the court’s direction, after the testimony of the complainant has been taken.
The request to appear is most analogous to the “summons” or “ticket” which was in use prior to the enactment of CPL article 150 authorizing the use of the appearance ticket in specified situations. As in the case of the request to appear, there was no statutory sanction for the issuance of a summons or ticket (Farkas v State of New York, supra; Mormon v Baran, 35 NYS2d 906), and no penalty followed upon the mere failure to appear by the person summoned (People v Boback, 23 NY2d 189; Mormon v Baran, supra). Presentation to the court of either testimony or affidavits establishing probable cause was required before the recipient could be deprived of his liberty. (People v Boback, supra.) For these reasons, a summons or ticket was not considered process (Farkas v State of New York, supra; Mormon v Baran, supra), but rather a mere invitation to appear and notice that the recipient would be charged with an offense on a specified future date (Farkas v State of New York, supra; Matter of Coville v Bennett, 57 Misc 2d 838; Mormon v Baran, supra).
*972 In light of the foregoing, the court concludes that the request to appear is not a process, but merely an invitation, and that therefore, the complaint does not state a cause of action for abuse of process.
Plaintiff argues in his papers in opposition to the motion to dismiss that the complaint also states a cause of action for harassment. However, as defendant correctly argues, there is no cause of action for harassment. (Ornstein Enterprises v Wolf, NYLJ, March 10,1980, p 12, col 1 [App Term, 1st Dept]), and the complaint cannot withstand the motion to dismiss on that basis.
However, it is settled law that if the factual allegations in a pleading “manifest any cause of action cognizable at law a motion for dismissal will fail” (Guggenheimer v Ginzberg, 43 NY2d 268,275). For the reasons which follow, the court finds that the complaint does state a cause of action for malicious prosecution and should not be dismissed merely because plaintiff has given it a wrong label.
The tort of malicious prosecution protects the personal interest in freedom from unjustifiable litigation (Broughton v State of New York, 37 NY2d 451, cert den sub nom. Schanbarger v Kellogg, 423 US 929). Its essence is the perversion of proper legal procedures and its elements are (1) the commencement or continuation of a criminal proceeding; (2) termination of the proceeding in favor of the accused; (3) lack of probable cause for the criminal proceeding; and (4) actual malice. (Broughton v State of New York, supra.)
In the case at bar, the complaint alleges that all eight proceedings initiated by the defendant were dismissed, and thus terminated in favor of the plaintiff; that they were initiated without probable cause; and that in causing the requests to appear to be issued, the defendant acted with malice. Thus, the last three of the elements of malicious prosecution set forth above have been sufficiently alleged. The issue now to be resolved is: did the defendant commence a criminal proceeding by utilizing the Summons Part procedures?
CPL 1.20 (subd 17) provides that “[a] criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court”. An accusatory *973 instrument is an indictment, an information, a simplified information, a prosecutor’s information, a superior court information, a misdemeanor complaint or a felony complaint. (CPL 1.20, subd 1.) Defendant contends that since a request to appear is not an accusatory instrument, no criminal proceeding was commenced. This court disagrees.
Since there is no statutory authority for the Summons Part procedure for private prosecutions, the CPL definition of the commencement of a criminal proceeding cannot be deemed to take those proceedings into account. In discussing the necessity of “some sort of prior judicial proceeding” for a malicious prosecution action, the Court of Appeals stated in Broughton v State of New York (supra, p 457), that such a judicial proceeding might be “an evaluation by a Magistrate of an affidavit supporting an arrest warrant application”. In the Summons Part stage of a private prosecution, an evaluation is made by a Judge of the testimony of the complainant in support of his application to file a complaint. This procedure seems sufficiently similar to the afore-mentioned example of a “prior judicial proceeding” given by the Court of Appeals to bring the Summons Part procedure within its ambit.
Additionally, the evaluation made by the Summons Part Judge is subject to appellate review. (See People v Burgos, NYLJ, Sept. 2, 1980, p 5, col 1, supra; People v Kissling, App Term, 1st Dept, Docket No. 48206/81, July 7, 1981, supra.) Not only are the appeals captioned “The People of the State of New York,” etc., in People v Kissling {supra) the Appellate Term referred to the Summons Part proceeding as a “criminal action.”
Furthermore, at least two courts have held that what constitutes “commencement” of a criminal proceeding for purposes of the law of criminal procedure does not necessarily coincide with the counterpart definition for purposes of tort law. (Rosario v Amalgamated Ladies Garment Cutters’ Union, Local 10, I.L.G.W.U., 605 F2d 1228, supra [issuance of appearance ticket at police station constitutes commencement of criminal action for purposes of malicious prosecution action even though CPL provides that a criminal action is commenced upon the filing of an accusatory instrument, the definition of which does not include an *974 appearance ticket]; Weg v Lippman, 63 Misc 2d 352 [issuance of summons by Criminal Court Judge constitutes commencement of criminal proceeding for purpose of malicious prosecution action even though Code of Criminal Procedure provided that a prosecution was commenced upon the filing of an information and the issuance of a warrant]; contra McClellan v New York City Tr. Auth., 111 Misc 2d 735, supra; Farkas v State of New York, 96 Misc 2d 784, supra.)
The rationale of Rosario (supra), and Weg (supra), is that the injury sustained by the plaintiffs therein by the issuance of the appearance ticket and summons, respectively, was the same as that which the tort of malicious prosecution is intended to redress: unwarranted defamation of character, anxiety, inconvenience and expense. These are the types of injuries alleged in the instant complaint, and it is worth noting in this connection that in People v Vlasto (78 Misc 2d 419, 428, supra), it was recognized by the Criminal Court that “thousands” have abused and been abused by the Summons Part proceedings.
For the foregoing reasons, this court holds that a request to appear issued by a Criminal Court clerk constitutes the commencement of a criminal proceeding, at least for purposes of an action for malicious prosecution, and that all elements of the tort of malicious prosecution have thus been satisfactorily alleged in the complaint in the instant action.
Defendant has also moved to dismiss all allegations in the complaint pertaining to events barred by the Statute of Limitations. CPLR 215 sets a one-year Statute of Limitations for malicious prosecution actions. Each of the two causes of action in the complaint refer to proceedings initiated by defendant within the Statute of Limitations, and the complaint is therefore not time barred. Those proceedings initiated by defendant prior to the one-year period may bear on the question of malice. Accordingly, the court declines to strike such references from the complaint without prejudice to renew that branch of the motion at the appropriate time before the Trial Judge.
*975 For the foregoing reasons, the motion to dismiss the complaint is denied.

. New York City Administrative Code, § D26-52.01.

. Although the complaint refers to these documents as notices to appear, the documents in question bear the designation “Request to Appear” and the court will refer to them by that name.