OPINION OF THE COURT
Herbert Kramer, J.
The defendant, Lawrence Stringfellow, is charged with, inter alia, possession of a deadly weapon (Penal Law, § 265.02) and possession of a controlled substance (Penal Law, § 220.21).
Various hearings held pursuant to prior order are being decided hereby including two separate Huntley hearings, a motion to controvert a search warrant and suppress evidence secured pursuant thereto.
FINDINGS OF FACT
Based upon the credible evidence adduced at the hearing, the court makes the following findings of fact and conclusions of law.
On May 14, 1983, the defendant returned home to his apartment within a nonmultiple dwelling only to find the outer door was unable to be opened with his key. His *477 landlady who advised him that the lock was changed and he would not be allowed back into his apartment without police intervention. There was no testimony in this case of a properly obtained warrant of eviction or antecedent court proceedings.
The defendant called the police from a street telephone rather than the telephone within his apartment. Upon the arrival of the police, the defendant was observed in the street where the confrontation between the landlady and the defendant tenant continued. The police-mediated dispute moved from the outside sidewalk and stoop to the interior hallway of the first floor and finally into the defendant’s apartment. The court finds that the police entry into the apartment was with the permission and consent of the tenant but was within the parameters of the exigency created by the landlady’s lockout.
While in the tenant’s apartment, the police observed, in plain view, within an open closet, various drug paraphernalia, including a scale, white powder commercially labeled lactose, a mirror with white dust thereon and a razor. These items were resting on a closed safe.
The police had never seen a safe in any apartment within this precinct. The police thereupon arrested the tenant for the crime of possession of drug paraphernalia. They then gave him his Miranda warnings, which the defendant knowingly, voluntarily and intelligently waived. The tenant defendant herein, had received and understood Miranda warnings on some previous occasions.
The police thereupon asked what was in the safe and the tenant replied a .22 Magnum. They then determined that he had no license for the gun. The police then took the various paraphernalia, the safe and the defendant into custody. The defendant was issued a desk appearance ticket (DAT) at the precinct and was released.
The police, meanwhile, secured a search warrant from Mr. Justice (then Judge) John Leone, to allow the opening of the safe now in their custody. The search warrant was executed upon and the Magnum along with four ounces of cocaine and other items were retrieved.
The defendant thereupon was located and shown the contraband. He whereupon slapped his forehead, acknowl *478 edging ownership and asked the police officer how he had obtained it. The police officer then informed him that he had obtained a search warrant. Thereafter, defendant was given Miranda warnings which he understood and waived. He made certain additional inculpatory statements.
CONCLUSIONS OF LAW
The police entry into the defendant’s apartment was not subject to the same guidelines as would apply to a targeted criminal investigation. Originally, the police were not involved in a criminal investigation, but were merely there to assist in resolving a landlord-tenant dispute under their general obligation to assist people in distress. Thus, the entry was permissible (People v Gallmon, 19 NY2d 389, cert den 390 US 911; People v Mitchell, 39 NY2d 173, cert den 426 US 953; People v Lenart, 91 AD2d 132; People v Kelly, 83 AD2d 648).
The defendant allowed the police to enter to mediate the lockout.
The drug paraphernalia, resting on a safe inside an open walk-in closet was in plain view (People v Earley, 76 AD 2d 335).
In order for any statement uttered by a defendant to anyone acting on behalf of the State to be admitted into evidence against that defendant, it must have been made voluntarily. The burden of proving the voluntariness of the statement beyond a reasonable doubt is on the People (People v Huntley, 15 NY2d 72). To determine whether the defendant’s will was overborne, the court must view the “ ‘totality of the circumstances’ ” (Clewis v Texas, 386 US 707, 708; People v Anderson, 42 NY2d 35).
The defendant’s first response to police inquiry as to the contents of the safe is admissible. Defendant having been given his Miranda warnings gave no indication that he wanted to exercise his right to silence. Defendant freely and voluntarily made this statement (Miranda v Arizona, 384 US 436).
A search warrant was necessary in order to search the safe in which the defendant had a reasonable expectation of privacy (United States v Chadwick, 433 US 1). However, there was no evidence that the search warrant was any *479 thing other than properly issued. Thus, the items recovered from the safe, to wit, a gun and cocaine are admissible.
However, as to the station house inquiry, this court holds that a waiver of Miranda rights must be made in the presence of an attorney after a DAT has been issued in a related criminal charge.
The rule is clear that where a defendant has a pending matter, in which he is represented by counsel, unrelated to the present charge, the defendant’s right to counsel attaches in the second case despite the fact that he has no attorney in that case (People v Rogers, 48 NY2d 167; People v Bartolomeo, 53 NY2d 225). Thus, a defendant may not waive his Miranda rights, in the second case, under these circumstances without the presence of counsel (.People v Rogers, supra; People v Bartolomeo, supra).
Further, a defendant may not make an uncounseled waiver of Miranda rights; (1) after a request for an attorney (People v Cunningham, 49 NY2d 203; People v Dean, 47 NY2d 967), (2) the commencement of formal adversarial proceedings (People v Samuels, 49 NY2d 218; People v Settles, 46 NY2d 154) or (3) when there is a second arrest in a related proceeding (People v Ermo, 47 NY2d 863; People v Townes, 41 NY2d 97).
In the case at bar, a DAT unaccompanied by a filed complaint does not act as the commencement of criminal proceedings (CPL 1.20; McClellan v New York City Tr. Auth., 111 Misc 2d 735; contra Susser v Fried, 115 Misc 2d 968).
The inquiry does not end there. The cases enlarge the time of criminal proceeding commencement in the area of constitutionally protected rights. The courts have held the defendant’s presence within the courthouse awaiting arraignment equivalent to the commencement of criminal proceedings (People v Lockwood, 44 NY2d 769; People v Richardson, 25 AD2d 221; People v Wallace, 17 AD2d 981). Similarly, the voting of an indictment rather than its filing triggers certain constitutional protection (People v Cruz, 72 AD2d 549, application for Iv to app den 48 NY2d 978).
In the case at bar, the defendant’s possession of scales and drug paraphernalia on top of his safe while in and of *480 itself an independent crime, was also significant as evidence of his intent to sell the cocaine located within the safe below.
This court thus holds that for the purposes herein, the issuance of a DAT to the defendant in a related action transforms the investigation into an accusation. While a criminal proceeding has not yet commenced, the DAT is the accusation that triggers the requirement of an attorney’s presence for the waiver of Miranda rights (People v Cruz, supra; People v Settles, supra).
Moreover, when the defendant entered the police station on the second occasion after police request, he was within police custody. “[T]he term ‘interrogation’ under Miranda refers not only to express questioning, but also to any words or actions * * * of the police * * * that the police should know are reasonably likely to elicit an incriminating response from the suspect” (Rhode Island v Innis, 446 US 291, 301). However, a spontaneous utterance is a statement that is “blurted out by defendant * * * [and] in effect forced upon the officer” (People v Grimaldi, 52 NY2d 611, 617) and “made without apparent external cause, i.e., self-generating” (People v Stoesser, 53 NY2d 648, 650).
“[U]sing an objective standard, the Trial Judge must determine whether the defendant’s statement can be said to have been triggered by police conduct which should * * * have been anticipated to evoke a declaration from the defendant” (People v Lynes, 49 NY2d 286, 295; People v Boyd, 58 NY2d 995).
In the instant case, the court holds the defendant’s being shown his property, including the contraband must be viewed as conduct designed to trigger a response and therefore any responsive statements made must be suppressed.
Accordingly, the defendant’s motion to suppress is denied as to all property and all statements, but for the statements made in the police station. Those statements are suppressed.