Kathy D. LANGDON, Plaintiff, Respondent, Cross–Appellant,

v.

Sheldon WIGHT, Defendant, Appellant, Cross–Respondent.

Nos. 62740, 62755.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1993.

Application to Transfer Denied Oct. 26, 1993.

Edward J. Hanlon, Julian Bush, Nancy Rebecca Kistler, Office of the City Counselor, St. Louis, for defendant, appellant, cross-respondent.

David M. Duree, Reinert, Duree & Crane, P.C., St. Louis, for plaintiff, respondent, cross-appellant.

SMITH, Judge.

Plaintiff and defendant each appeal from a judgment in plaintiff's favor in a malicious prosecution case. The verdict set plaintiff's damages at $15,000. Plaintiff appeals from the trial court's directing of a verdict on her claim for punitive damages. Defendant appeals on the sole ground that the issuance of a summons by a police officer is not the commencement of a prosecution. We affirm.

This case was previously before us following a defendant's verdict. *See Langdon v. Wight*, 821 S.W.2d 508 (Mo.App.1991). We reversed and remanded for a new trial because of remarks made by defense counsel in closing argument. In our opinion we stated that defendant's contention that the remarks were not prejudicial because plaintiff failed to make a submissible case of malicious prosecution was not well taken. The contention at that time was that plaintiff had failed to establish that defendant instigated the prosecution.

The American Bank had repossessed plaintiff's motor vehicle. She had prior discussions with the Bank concerning the repossession which were not fruitful. On December 8, 1987, plaintiff, accompanied by a friend as a witness, drove to the bank allegedly to recover personal property in the vehicle when it was repossessed. She called the police department prior to her departure and was advised to call the police when she was close to the bank and police would be dispatched to the bank to assist her. She did as she was advised and two police officers arrived at the bank shortly after she did. One of the officers was the defendant. The bank did not wish to allow removal of plaintiff's personal property unless she turned over the keys to the vehicle to the bank. This plaintiff refused to do. Very shortly after defendant's arrival at the bank she rather forcefully requested that defendant prepare and provide her with a report of her presence at the bank, her purpose in being there, and what transpired. Defendant declined to prepare such a report as department policy did not

require such a report in a matter such as this. The other officer present did prepare a list of the people present at the request of the plaintiff. The items plaintiff sought to recover she stated included Christmas presents. Defendant persuaded the bank officials to retrieve plaintiff's personal property from the vehicle upon her agreement to sign a receipt for the property turned over to her. On the first trip to the vehicle the bank officials found only a baby rattle and a water gun. Plaintiff then advised them about a compartment under the seat which contained an umbrella. The bank officials and the defendant returned to the vehicle and recovered the umbrella which was given to plaintiff. She immediately opened it and stated that the money which she had hidden inside it was missing. She refused to sign the receipt because all of the property she claimed to have been in the vehicle was not returned. The receipt simply listed the items returned and made no representation that those were all the items in the vehicle when it was repossessed. She then gave the items returned to the defendant. She described her action as handing the items to defendant, who, of course, had no interest in them, and let them fall to the ground. All the other witnesses, including two of her witnesses, described her action as throwing the items at defendant. Plaintiff described herself as calm and composed throughout the encounter. All the other witnesses described varying degrees of upset in an escalating fashion up to her arrest. Immediately after her action in touching defendant with the items which had been recovered defendant placed her under arrest for peace disturbance.

Plaintiff was taken to the police station and issued a complaint and summons by defendant. Defendant thereafter, at plaintiff's request took her in his patrol car to Sauget, Illinois, where she could meet her friend who had accompanied her to the bank. The summons directed plaintiff to appear in a specific court on February 9, 1988 at 11 a.m. to answer the complaint. A bank officer, Paul Goeke, who was present at the scene was listed as the victim. Mr. Goeke had not requested that plaintiff be arrested although defendant testified that Mr. Goeke had re-

quested that plaintiff be removed from the premises if she became obstreperous. Defendant did not ask Mr. Goeke if he wanted plaintiff arrested and the usual practice was to ask the victim if he wanted the individual arrested and would press charges. Under the procedures of the City of St. Louis if the identified victim does not follow up with the city counselor's office within a prescribed period of time no information is filed and the charges are considered to be dropped. Mr. Goeke did not follow up within the prescribed time and the charges were dropped. This information was not communicated to plaintiff until she arrived at court with her attorney on the day of her scheduled appearance.

It is defendant's contention that because Rule 37.34 provides that all ordinance violations shall be prosecuted by information, and because no information was filed against plaintiff, that no prosecution was commenced, and therefore the initial element of the tort of malicious prosecution was not established. *See Burnett v. Griffith,* 769 S.W.2d 780 (Mo. banc 1989) l.c. 784 n. 2 for the elements of the tort. Plaintiff contends that our ruling in the first appeal that plaintiff had made a submissible case applies equally to the contention now raised as the "law of the case". We need not discuss that issue in view of our conclusion concerning "commencement" of an action. We will note however, that the precise issue now before us was not the issue addressed by the court in the prior appeal. The issue discussed there was defendant's contention that plaintiff had failed to establish that defendant instigated the proceeding. Only by legal fiction can it be contended that we considered the issue now before us.

 It is true as defendant asserts, that for purposes of a proceeding for violation of an ordinance an information is required. Rule 37.34. Rules 37.15 and 37.16 authorize an arresting officer in an ordinance violation case to release the person arrested upon that person's promise to appear, pursuant to the summons, at a specified time and place. In *Ladeas v. Carter,* 845 S.W.2d 45, l.c. 49 (Mo. App.1992) [3] our colleagues in the Western District recognized that the "issuance of an unverified summons, while not legally sufficient to sustain a successful prosecution, does

not lessen the effect upon the plaintiff to appear at the court hearing". Issuance of the summons causes the types of injury that the tort of malicious prosecution is intended to redress, i.e. unwarranted defamation of character, anxiety, inconvenience and expense. *Rosario v. Amalgamated Ladies' Garment Cutters' Union Local 10*, 605 F.2d 1228 (2 Cir.1979) [31–35] cert. den. 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); *Susser v. Fried*, 115 Misc.2d 968, 455 N.Y.S.2d 930 (Sup.Ct.1982) [5]. The summons here advised plaintiff that if she failed to appear a warrant would be issued for her arrest. She was not therefore free to ignore the summons. She hired a lawyer and inconvenienced herself by going to court. She suffered the types of injury that the tort is meant to address and we conclude that the issuance of the summons was the "commencement" of a prosecution sufficient to establish the first element of the tort. *Rosario, supra*. Subsequent dropping of the charges terminated the proceeding favorably to plaintiff. Defendant has raised no other challenges to the judgment and we therefore affirm the judgment in favor of plaintiff.

■ Plaintiff's cross-appeal premises error on the trial court's direction of a verdict on plaintiff's claim for punitive damages. In *Sanders v. Daniel International Corporation*, 682 S.W.2d 803 (Mo. banc 1984) [10, 11] the court determined that actual malice is required for punitive damages in a malicious prosecution action. "Actual malice" was defined by the court in the following way "an act or a failure to act is 'maliciously' done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member." In *Burnett v. Griffith, supra* [12] the definition was further refined to require conduct which was outrageous because of defendant's evil motive or reckless indifference to the rights of others.

Defendant here did not know plaintiff prior to arriving on the scene. There is no evidence that he harbored any ill will, spite, or grudge against her or any group of which she was a member. After the arrest he drove her outside his jurisdiction to Illinois so she could get home. Plaintiff left for the bank in a confrontational frame of mind as evidenced by her bringing a friend as a witness and calling for police before she left and again before she arrived at the bank. She immediately requested defendant to provide her with documentation which was not required by the police department. She admitted that defendant was trying to assist her. He had persuaded the bank officers to allow plaintiff to reclaim her personal property over their objections that she first turn over her key. Their agreement was based upon plaintiff's promise to sign a receipt, which promise she broke. Plaintiff's evidence was that she reacted negatively to defendant and either handed forcefully or threw the reclaimed property at him after discovering that the alleged money was not in the umbrella. Defendant was not responsible for the repossession of plaintiff's vehicle, nor for her decision to hide a substantial amount of money in an umbrella left in a motor vehicle rather than in her existing savings account, nor for the loss, if any, of that money.

Police officers are trained and expected to deal courteously with the public at large including those members of the public who behave with ingratitude for the helpful actions of the police officers or who seek to transfer the results of their own mistakes or failures to others. But police are human and can be expected at times to react improperly out of frustration or anger. A jury here has determined that defendant acted improperly and we cannot alter that finding whatever our personal evaluation of defendant's conduct. The evidence here does not establish that defendant acted in an outrageous manner. The evidence does not establish the actual malice required by *Daniels* and *Burnett* and the trial court properly directed a verdict on that claim.

Judgment affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.