**Richard J. KOURY II, Respondent,**

v.

**Nancy S. STRAIGHT and Charles W. Nichols, Appellants.**

**No. WD 51399.**

Missouri Court of Appeals, Western District.

April 8, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1997.

Application to Transfer Denied Aug. 19, 1997.

Richard Frank Modin, Kansas City, Richard J. Koury, II, Independence, for Respondent.

Christopher A. Cushman, Kansas City, for Appellant Straight.

Charles W. Nichols, Kansas City, for Appellant.

Before BRECKENRIDGE, P.J., and SMART and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Appellants, Nancy Straight and Charles Nichols, appeal the judgment of the Circuit Court of Jackson County in favor of respondent, Richard Koury, for $1,000 in actual damages and $500 in punitive damages for the intentional tort of malicious prosecution. Although Nichols filed a separate notice of appeal, he did not file a separate brief, but joined in the brief of Straight. Straight claims in her brief that the trial court erred and abused its discretion in denying her motion to dismiss at the close of respondent's evidence on three bases: (1) respondent failed to show that an action was "commenced" as required to establish malicious prosecution; (2) respondent failed to show that Straight instigated the prosecution against respondent, and that if she did, she was without probable cause to do so as required to establish malicious prosecution; and, (3) after making full disclosure to her attorney, she was entitled to rely on his advice in pursuing her claim of legal malpractice. Straight also claims that the trial court erred because the judgment was against the weight of the evidence in that respondent's evidence did not establish that she acted without probable cause or with malice toward respondent.

We reverse and remand.

### Facts

Because our disposition of this appeal is procedurally based, our recitation of the facts

will be confined to the pertinent procedural history.

In early 1990, Richard Koury, respondent, an attorney, filed suit against Nancy Straight seeking the alleged balance due on his legal fees for representing her in her dissolution of marriage. On this claim Straight was represented by appellant Charles Nichols. On December 6, 1990, the date the suit for unpaid legal fees was set for trial, Nichols, as Straight's attorney, filed a motion for leave to file a counterclaim out of time, which alleged that respondent was negligent in his representation of Straight in her dissolution of marriage in failing to seek an award of temporary maintenance. On her counterclaim, Straight sought actual damages of $39,000 and punitive damages of $800,000. The motion was heard and after oral arguments was denied.

On respondent's claim for attorney's fees, the trial court entered judgment for respondent awarding him $841.80 in fees plus interest and costs. Straight filed an application for trial de novo, again filing a motion for leave to file her counterclaim out of time. The trial de novo on respondent's claim for attorney's fees was held on October 26, 1992, with the same award of damages. Straight's motion for leave to file her counterclaim out of time was denied.

On October 18, 1994, respondent filed his petition for damages for malicious prosecution against Straight and Nichols for the attempted filing of the counterclaim against him for legal malpractice. The case was tried before the Honorable Robert L. Trout, Circuit Court of Jackson County, on May 22, 1995. Following the presentation of respondent's evidence, appellants made a motion to dismiss, which was denied. On June 21, 1995, the trial court found in favor of respondent, awarding him actual damages of $1,000 and punitive damages of $500, plus costs. This appeal follows.

## Standard of Review

In a judge-tried case, a motion to dismiss at the close of plaintiff's evidence ... submits on the merits the issues on which [plaintiff has] the burden of persuasion, requiring the trial court to determine credibility of the witnesses and to weigh the evidence, so that the appeal from the ruling on the motion is from a final determination of the issues in question and is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) (citations omitted).

*Colombo v. Buford,* 935 S.W.2d 690, 694 (Mo. App.1996). Thus, we will affirm the trial court's denial of Straight's motion to dismiss at the close of respondent's evidence, unless there is no substantial evidence to support the judgment of the trial court, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.; Murphy,* 536 S.W.2d at 32.

## I.

The claim of malicious prosecution is an intentional tort. *Macke Laundry Serv. Ltd. Partnership v. Jetz Serv. Co., Inc.,* 931 S.W.2d 166 (Mo.App.1996); *Schnuck Markets, Inc. v. Transamerica Ins. Co.,* 652 S.W.2d 206, 212 n. 1 (Mo.App.1983). In order to establish a claim of malicious prosecution, a plaintiff must prove: (1) an earlier suit was commenced against the plaintiff; (2) the suit was instigated by the defendant; (3) the suit was terminated in plaintiff's favor; (4) probable cause for the suit was lacking; and, (5) the plaintiff was damaged by the suit. *Anton v. Police Retirement Sys. of St. Louis,* 925 S.W.2d 900, 905 (Mo.App.1996); *State ex rel. Police Retirement Sys. of St. Louis v. Mummert,* 875 S.W.2d 553, 555 (Mo. banc 1994).

In Point I, Straight claims that the trial court erred in denying her motion to dismiss at the close of respondent's evidence in that the action upon which respondent's malicious prosecution claim was based was never "commenced," a requisite element of malicious prosecution. The parties agree that Straight's counterclaim for legal malpractice against respondent was never filed in that the trial court overruled Straight's motion for leave to file it out of time. However, respondent contends that the mere filing of the motion for leave to file the counterclaim out of time was the equivalent of "commencing an action" sufficient to support a claim of malicious prosecution. The issue then for us to decide here is whether the mere filing of a motion for leave to file an action out of time

constituted the "commencement of an action" that would support respondent's malicious prosecution claim against appellants.

 Generally, "[a] civil action is commenced by filing a petition with the court." Rule 53.01. Under Missouri law, "an action for malicious prosecution may be maintained where the original action was begun by civil summons alone, where that process results in some damage, even if only the expense of defense." *Young v. Jack Boring's, Inc.*, 540 S.W.2d 887, 895 (Mo.App.1976). "The gist of a malicious prosecution action … is 'putting legal process in force regularly for the mere purpose of vexation or injury.'" *Id.* at 895–96, quoting 52 Am.Jur.2d, Malicious Prosecution § 2. "In the case of an ordinary civil litigation, that means an action begun by a summons regularly served according to the requirements of law." *Young,* 540 S.W.2d at 896.

 Respondent cites us to no authority that supports his proposition that the filing of the motion for leave to file the counterclaim out of time constituted the commencement of an action, although he does cite us to two cases that we find factually distinguishable. Respondent cites us to *Langdon v. Wight,* 861 S.W.2d 723 (Mo.App.1993) and *Ladeas v. Carter,* 845 S.W.2d 45 (Mo.App.1992). In *Ladeas,* the court, in holding that the action had been commenced, emphasized the fact that the defendant was required to appear and defend himself. *Ladeas,* 845 S.W.2d at 49–50. Similarly, in *Langdon* the court based its holding that the action had been commenced on the fact that a summons had been issued that required the defendant to appear and defend herself on the merits. *Langdon,* 861 S.W.2d at 725–26.

In our case, there was never a summons issued because there was no action filed due to the trial court's denial of Straight's motion for leave to file her counterclaim out of time. Because there was no summons issued, unlike in *Ladeas* and *Langdon,* respondent was not required to appear and defend on the merits. Respondent's decision to appear at the motion hearing and contest Straight's motion for leave to file her counterclaim out of time was strictly voluntary. The risk to respondent of not appearing did not involve the risk of being found liable for legal mal-

practice, but only that an action could be filed and commenced. At the hearing upon the motion for leave to file the counterclaim out of time, there was no evidence presented on the merits, only evidence on whether the counterclaim could be filed. Because no counterclaim was filed and respondent was not required to defend himself on the merits, the trial court never had jurisdiction to decide the case. Respondent was never put at risk of being found liable as to Straight's claim of legal malpractice. Thus, we find Straight's counterclaim was never "commenced," as is required for a claim of malicious prosecution to lie.

Because our disposition as to Point I is dispositive of appellants' appeal, we need not consider the other points asserted.

### Conclusion

The judgment of the trial court awarding respondent damages for malicious prosecution is reversed and remanded with the trial court directed to enter judgment for appellants on respondent's claim for malicious prosecution.

All concur.